(No. 14883.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE HAWKINS *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1922.*

CRIMINAL LAW—*objection to regularity of grand jury must be made in apt time.* Unless the defendant raises the question of irregularity in the constitution of the grand jury in apt time, by challenge to the array or by motion to quash the indictment, the objection is waived.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MICHAEL L. MCKINLEY, Judge, presiding.

THOMAS E. SWANSON, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Clarence Hawkins and Edward Sturch have sued out a writ of error to review a judgment of the criminal court of Cook county by which they were convicted of robbery

with a dangerous weapon and sentenced to indeterminate terms of imprisonment. It is argued that the judgment should be reversed because the record does not show that the indictment was found by a grand jury that had been legally empaneled and sworn, and because the imposition of an indeterminate sentence is in violation of section 1 of the fourteenth amendment of the Federal constitution.

The record shows the empaneling of a grand jury and the return into open court of the indictment. The language of the record is: "The grand jury came into open court and made a presentation indorsed a true bill in the following words," etc. The objection made is that the record does not show that the grand jury returning the indictment was the grand jury which was empaneled and sworn, and it is said that it is not uncommon for two grand juries to be in session in Cook county at the same time, and so far as this record speaks there is nothing to show that it was a legally constituted grand jury which returned the indictment. If the grand jury which returned the indictment was not legally constituted the plaintiffs in error should have moved the court to quash the indictment, pointing out in the motion the illegality or irregularity by reason of which the grand jury was not legally constituted. It is well settled that unless the defendant raises the question of irregularity in the constitution of the grand jury in apt time, by challenge to the array or by motion to quash the indictment upon the ground that it was not found by a grand jury legally constituted, the objection is waived. *People* v. *Munday,* 293 Ill. 191; *People* v. *Kroll,* 259 id. 592; *People* v. *McCauley,* 256 id. 504; *Berkenfield* v. *People,* 191 id. 272; *Hagenow* v. *People,* 188 id. 545.

The objection to the constitutionality of the Parole law has been overruled in *People* v. *Doras,* 290 Ill. 188, *People* v. *Connors,* 291 id. 614, and numerous other decisions.

*Judgment affirmed.*