(No. 32637.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK MULRENIN, Plaintiff in Error.

*Opinion filed May 20, 1953.*

FRANK MULRENIN, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Frank Mulrenin, defendant below, was convicted in the criminal court of Cook County of the crime of taking indecent liberties with a child of eight years. He now prosecutes this writ of error to review the judgment of that court.

On July 25, 1951, defendant was indicted in the criminal court of Cook County on three counts. Of these, the first charged him with committing an infamous crime against nature upon a female person. The second count charged that he took indecent liberties with a child eight years of age. The third charged him with certain acts tending to render the child delinquent. When arraigned, defendant pleaded not guilty. With defendant's acquiescence the public defender was appointed to represent him. Upon being brought to trial he waived a jury and submitted his cause to the court. The State elected to stand on the second count of the indictment, and the court found him guilty as charged in that count. He was thereupon sentenced to the Illinois

State Penitentiary for a term of not less than eighteen nor more than twenty years.

Defendant assigns as error the fact that he was convicted of the crime of taking indecent liberties with a child of eight years while the endorsement upon the face of the true bill charged him only with the commission of a crime against nature, the same crime charged in the first count thereof. Defendant complains that he was convicted of a "greater" crime than that charged on the face and in the first count of the indictment, the penalty for a conviction of indecent liberties with a child being not less than one nor more than twenty years, and that for a conviction of a crime against nature being not less than one and not more than ten years. The endorsement upon the face of the indictment does not charge the defendant with the perpetration of any offense. Recourse to the body of the indictment is necessary to discover the crime or crimes charged. It is not required that the defendant be adjudged guilty only of the crime endorsed on the face of the indictment, but he may be convicted of any crime with which he is properly charged within the body of the indictment, though it be not endorsed upon the face thereof. (*People* v. *Woodward,* 394 Ill. 433; *People* v. *Sobucki,* 387 Ill. 358.) Nor does it matter that the penalty of the crime for which the accused may be indicted and convicted is greater than that for the crime endorsed on the face of the indictment. (*People* v. *Sobucki.*) Where they grow out of the same act or transaction, separate and distinct offenses may be charged in the same indictment and stated in different ways, in as many different counts as are deemed necessary. Unless it is shown that they do not relate to the same transaction, the presumption obtains that they do. The prosecutor need not elect upon which count he will rely for conviction except when the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction. (*People* v. *Gray,*

402 Ill. 590.) However, in the instant case the State did elect to rely only on the second count charging the crime of taking indecent liberties with a child for which this defendant was found guilty. Moreover, this case was tried before the court on waiver of jury, the trial judge heard the evidence and knew the crime for which he was finding the defendant guilty. In the absence of a bill of exceptions, the presumption obtains that the evidence was sufficient to justify the finding of guilty of the crime of taking indecent liberties with a child. (*People* v. *Gray*.) Moreover, the offenses charged in the separate counts of this indictment arose out of the same act and were properly included in the same indictment. No question can properly be raised as to the propriety of the indictment, the offense charged and tried, or the conviction.

The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*