(No. 33789.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAYNE HURT, Plaintiff in Error.

*Opinion filed May 23, 1956.*

PAYNE HURT, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and FRANK H. MASTERS, JR., State's Attorney, of Joliet, (FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

Upon his plea of guilty in the circuit court of Will County to an indictment charging escape from the penitentiary in violation of section 17 of the Illinois State Penitentiary Act (Ill. Rev. Stat. 1953, chap. 108, par. 121,) the defendant was sentenced to a term of not less than one year nor more than ten years, in accordance with the provisions of the act.

The defendant, appearing *pro se,* prosecutes this writ of error and assigns as error that the record does not show that the grand jury which returned the indictment was properly summoned and empanelled, and that a plea of not guilty was entered; and that the indictment does not allege the place of the offense as required by law.

The record before us fails to show that the question relative to the grand jury was raised in the trial court by motion to quash, challenge to the array, or otherwise. Since this question was not presented in the trial court it will not be considered for the first time upon appeal. *People* v. *Max,* 391 Ill. 310; *People* v. *Hawkins,* 306 Ill. 29; *People* v. *Knox,* 302 Ill. 471.

The defendant contends that a plea of not guilty to the indictment is necessary to the validity of the judgment of conviction. This is true where there is a trial before a jury or a court. A person indicted for a criminal offense cannot be put on trial without a plea of not guilty, for without such a plea, there is nothing to try. However, the defendant in the case at bar was properly arraigned; his rights were explained to him; he voluntarily entered a general plea of guilty, persisted in such plea after its consequences were fully explained, and the plea was accepted, all in accordance with section 4 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1953, chap. 38, par. 732.) For the purpose of joining issue, a plea of guilty operates in the same manner as a plea of not guilty and a judgment entered upon such a plea, where properly and understand-

ingly made, will be sustained. (*People* v. *Shoffner*, 400 Ill. 174.) Defendant's plea of guilty admitted the facts alleged in the indictment and no further or other plea was necessary to sustain the validity of the judgment and sentence. *People* v. *Day*, 404 Ill. 268; *People* v. *French*, 387 Ill. 16.

Defendant also contends that the indictment lays the venue of the crime at Stateville, Illinois, which is nonexistent, there being no incorporated or recorded locality of that name; and that therefore, the indictment is fatally defective. The defendant, however, has failed to abstract count I of the indictment which count is shown in the supplemental abstract of the People and which reads as follows:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do present that the said Payne Hurt, after so received as a prisoner at the Illinois State Penitentiary, Joliet Branch, and while the judgment and sentence of said Circuit Court of Cass County, Illinois, was in full force and effect, on, to-wit, the 3rd day of January, 1953 at and within the County of Will, State of Illinois, he, said Payne Hurt, then and there a prisoner in said Illinois State Penitentiary, Joliet Branch, and subject to the rule and regulations thereof, unlawfully and feloniously did escape and depart from said Illinois State Penitentiary, Joliet Branch, and from the officers, guards and attendants of said Illinois State Penitentiary, Joliet Branch, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said People of the State of Illinois."

Venue was properly laid in the indictment and the crime charged was shown by the record to have been committed in the Illinois State Penitentiary, Joliet Branch, Will County, Illinois. (*People* v. *Burke*, 400 Ill. 240; *People* v. *Lavendowski*, 329 Ill. 223.) The defendant's general plea of guilty was directed to the whole indictment, (*People* v. *Creviston*, 396 Ill. 78,) and where one of several counts of

an indictment is sufficient to sustain the judgment, the conviction will stand. *People* v. *Hamm,* 415 Ill. 224; *People* v. *Donaldson,* 341 Ill. 369.

The assignments of error are without merit and the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*