(No. 34988.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES H. CLAYBROOKE, Plaintiff in Error.

*Opinion filed January 23, 1959.*

C. E. TATE, of Champaign, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and
MAURICE A. RICKELMAN, State's Attorney, of Effingham,
(FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,)
for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

James H. Claybrooke, hereinafter referred to as defend-
ant, pleaded guilty in the circuit court of Effingham County
to an indictment charging him with the crime of larceny.
Judgment was entered on the plea and the defendant was
sentenced to the penitentiary for a term of not less than
five nor more than ten years. A writ of error has been
issued from this court to review the judgment of conviction.

The record discloses that the indictment which was
returned by the grand jury contained 16 counts, some
charging the crime of burglary and other charging the
crime of larceny. All of the counts related to a single
offense, being the theft of a sum of money from the office
of one Jack M. Michaelree. Defendant moved to quash
the indictment and the motion was denied, following which
defendant entered a plea of not guilty. When the case was
called for trial, defendant, who was represented throughout
the proceedings by counsel of his own choice, advised the
court that he desired to withdraw his plea of not guilty
and enter a plea of guilty to count 16 of the indictment.
This count charged that defendant stole $257.02 good and
legal money, the property of Jack M. Michaelree, a more
particular description of said money being unknown to the
grand jurors. The record shows that the court refused to
accept the plea of guilty until the defendant was admon-
ished as to the consequences of his plea and that after he
was so admonished the court accepted the plea of guilty
and entered judgment on the plea. Defendant then moved
that he be admitted to probation. The court ordered an
investigation and after the probation officer had completed

his investigation a hearing was held. At that hearing the sheriff testified that he had in his possession $258.69 in bills and change of various denominations. Of that money $257.02 was the money stolen from Michaelree and the balance was defendant's. He testified that he had this money in his possession at the time he testified before the grand jury and that he told the grand jury that he had this money. At this stage of the hearing, defendant's counsel moved that the judgment of conviction be vacated. This motion was denied and the hearing continued. Michaelree testified that he had lost $257.02 in the theft and that he had no claim to the $1.67 extra. He had no way of knowing just what bills or change were stolen from him and therefore was unable to identify the particular bills or change in the sheriff's possession. The arresting officer testified that when defendant was arrested he had about $297.00 on his person, some of which was in a billfold and some loose in his pocket. He returned to defendant all but $258.69. Defendant testified at the hearing that he thought a lot of his own money was mixed up with Michaelree's money. Several other witnesses testified at the probation hearing and at the close of the hearing defendant's counsel again moved that the judgment of conviction be vacated and set aside for the reason that count 16 of the indictment, to which defendant had pleaded guilty, contained an allegation that a particular description of the money was unknown to the grand jurors. Defendant contended in the trial court and argues here that since the evidence at the probation hearing showed that the grand jurors did have a more particular description of the money that the indictment was fatally defective and will not support the judgment of conviction. Defendant relies principally upon *People* v. *Hunt,* 251 Ill. 446. In that case the defendant was indicted for the theft of $55 and it was alleged in the indictment that a more particular description of the money was unknown to the grand jurors. De-

fendant pleaded not guilty and was tried by jury. The victim of the theft testified at the trial that the bills which had been stolen from him were five $10 bills and one $5 bill, and testified that he had disclosed this fact to the grand jury. We reversed the judgment of conviction holding that if an indictment charges that a more particular description of the stolen property is unknown to the grand jurors, this fact must be proved at the trial. It is clear, however, from our opinion in the *Hunt case* that the reversal there was based, not upon the insufficiency of the indictment, but upon a failure of proof. We held that where the indictment alleges that a more particular description of the property stolen is unknown to the grand jurors, the truthfulness of that allegation is put in issue by a plea of not guilty and the burden is upon the State to prove such allegation. We went on to say that this was not a question of variance but was simply a case where the State had failed to prove an essential averment of the indictment. The doctrine announced in the *Hunt case* has no application to the present case. In the first place, the evidence at the hearing showed that it was impossible to accurately describe the money which was stolen. Michaelree did not know the denominations of the bills and change which were stolen and his money was intermingled with defendant's money when defendant was arrested. Furthermore, our decision in the *Hunt case* was grounded upon the fact that the defendant had pleaded not guilty and placed the burden of proving the allegations of the indictment upon the State. In the present case, defendant pleaded guilty to count 16 of the indictment. That plea admitted all of the facts well pleaded and removed all issues of fact from consideration. (*People* v. *Ross,* 409 Ill. 599; *People* v. *Popescue,* 345 Ill. 142.) The State being under no obligation to prove the allegations of the indictment, it is immaterial whether or not the evidence at the probation hearing sustained said allegations.

Defendant argues in his brief that the trial court abused his discretion in overruling defendant's motion to vacate the judgment without hearing argument thereon. Since we have determined that defendant's motion was without merit, it follows that defendant was not prejudiced by the denial of the motion without argument.

The judgment of the circuit court of Effingham County is affirmed.

*Judgment affirmed.*