(No. 34786.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM GEORGE WILFONG, Plaintiff in Error.

*Opinion filed May 18, 1960.*

WILLIAM GEORGE WILFONG, *pro se.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and DARRELL E. KLINK, State's Attorney, of Lincoln, (FRED G. LEACH, Assistant Attorney General, and RODNEY G. BUCHER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, William George Wilfong, prosecutes this writ of error to review a judgment of the circuit court of Livingston County sentencing him to the penitentiary for a term of five to ten years for the crime of assault with intent to murder.

On the night of October 22, 1956, two members of the Illinois State Police, Glenn A. Nichols and Robert Golightly, were shot and wounded after they had stopped an automobile for a traffic violation at the intersection of Routes 66 and 10. Defendant was the driver of the car and was accompanied by three men, Young, Johnson and Jopp. Upon the officers' signal defendant first pulled off the highway, but immediately started up again only to be overtaken when he turned off onto an access road that led only to a filling station. When defendant and the other occupant of the front seat jumped out of the car with their hands up, officer Nichols saw a revolver on the front seat and informed all of the men they were under arrest. In a melee that followed, both officers were shot with either Young and Jopp, or Young alone, doing the shooting. Subsequently it was found the occupants of the car had a total of seven guns in their possession.

An indictment returned to the circuit court of Logan County consisted of six counts, each of which, in varying

ways, jointly charged defendant and his companions with making a felonious assault on Nichols and Golightly with the intent to kill and murder them. After being granted a change of venue to Livingston County each of the accused men entered a plea of not guilty. A jury was selected to try them but, on the second day of the trial, defendant requested leave to withdraw his plea of not guilty and to enter a plea of guilty to the indictment. When he persisted after being fully admonished by the court as to the consequences of a plea of guilty, the substituted plea was accepted and judgment entered that defendant stood convicted of the offense of assault with intent to commit murder in the manner and form charged in the indictment and each count thereof. A hearing in aggravation and mitigation was held, after which defendant was sentenced to the penitentiary.

Citing the familiar principle that a plea of guilty is ineffective to waive objections to a void indictment, (*People v. Temple,* 2 Ill.2d 266, 276,) defendant urges that the judgment must be reversed because the indictment improperly charged him with two separate and distinct felonies, *viz.,* an assault with intent to kill Nichols and an assault with intent to kill Golightly. Although an indictment may not charge separate and distinct offenses totally disconnected from each other, (*People v. Richie,* 317 Ill. 551,) where it is clear that they grow out of the same act or transaction, separate and distinct offenses may be charged in the same indictment and stated, in different ways, in as many counts as necessary. (*People v. Grodkiewicz,* 16 Ill.2d 192; *People v. Mulrenin,* 415 Ill. 123; *People v. Gray,* 402 Ill. 590.) The same authorities hold that the prosecutor is required to elect upon which count of an indictment he will rely for conviction only when the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction. Here, on the face of the indictment it is manifest that all

charges made against defendant arose out of the same transaction. Moreover, in *People* v. *Gotter*, 357 Ill. 214, we held that an indictment charging an accused of assault with intent to kill "August F. Hallman and Hilda Hallman" did not charge separate and distinct felonies, but charged an attempt to murder two people on the same occasion and at the same place. We think it significant too, in this case, that defendant was given a penalty for but one offense. Cf. *People* v. *McMullen*, 400 Ill. 253.

Looking largely to his own testimony at the hearing on aggravation and mitigation, and treating it as proof relating to his guilt or innocence, defendant suggests the indictment is further defective because it fails to charge him with conspiracy in any of its counts, his theory being that he cannot be guilty as a principal because he did not do the actual shooting, and that he is not guilty as an accessory because he did not aid, abet or encourage the perpetration of the crime. (See: *People* v. *Dalton*, 355 Ill. 312, 316.) While, as a practical matter, the total evidence heard on aggravation and mitigation refutes defendant's denial of aiding, abetting and encouraging, it is enough to point out that where an accused waives a jury trial and pleads guilty and asks for no trial, no issue remains and there is nothing to try. (*People* v. *Grabowski*, 12 Ill.2d 462.) When a plea of guilty is fairly and understandingly made, it admits every material fact alleged in the indictment and all the elements of the crime with which an accused is legally charged, and obviates the need of any proof whatsoever. (*People* v. *Claybrooke*, 15 Ill.2d 586; *People* v. *Hurt*, 8 Ill.2d 491.) In the present case defendant was charged and, although admonished by the court, admitted his guilt as a principal. The People being under no obligation to prove the allegations of the indictment, it is immaterial, even if true, that the evidence heard on the issue of aggravation and mitigation did not sustain such allegations.

For his last point defendant argues that he was not properly admonished as to the consequences of his plea of guilty because the court did not advise him that he was pleading guilty to two felonies, or that his plea of guilty would permit an assumption by the court that he was guilty of conspiracy. As to the first claim we have already pointed out that defendant was charged, convicted and punished for but one crime; as to the latter it is again founded on the misconception that the hearing on aggravation was for the purpose of determining guilt or innocence and that the trial court considered it as such.

The judgment of the circuit court of Livingston County is affirmed.

*Judgment affirmed.*