THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY
HUFFORD, Defendant-Appellant.

(No. 73-48;

Third District—April 18, 1974.

Robert Agostinelli, Assistant Appellate Defender, of Ottawa, for appellant.

William G. Schick, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order entered in a post-conviction proceeding denying relief to defendant Harry Hufford. By separate counts of an indictment returned to the Circuit Court of Rock Island County, defendant, Harry E. Hufford, was charged with the crimes of murder, robbery and felony-murder, *i.e.*, murder while committing the forcible felony of robbery. On June 7, 1969, he appeared in court with his counsel and entered a plea of guilty to the felony murder charge, and was sentenced to the penitentiary for a term of not less than 5 nor more than 30 years. No appeal was taken. As indicated, defendant subsequently filed a petition for post-conviction relief, which was later amended by appointed counsel, and he here appeals from an order denying such relief.

The transcript of the report of proceedings on the occasion of the guilty plea discloses that the trial court thoroughly admonished defendant of his rights and as to the consequences of his action before accepting the plea. Defense counsel then waived a hearing in aggravation and mitigation, and requested the immediate imposition of sentence. When this occurred, the court inquired of the State's Attorney about the circumstances surrounding the charge, and the latter thereupon produced, filed and verbally summarized a voluntary question and answer statement defendant had given to police officials at the time of his arrest.

The substance of the statement was that defendant and Steve Rettig, after an evening of beer drinking, encountered James Slade about midnight of April 16, 1969, while having a cup of coffee in a restaurant. As the three left the restaurant they were approached on the street by an intoxicated man who said something about wanting to go to a "sex party". James said he knew where there was such a party, and the four men then entered Rettig's car, with defendant sitting in the front seat next to the driver and James and the other man in the rear seat. After a stop at a gasoline station, where the stranger bought a package of cigarettes for each person, the car was driven to and stopped on a country road. At that point James handed defendant a package of cigarettes and some papers taken from the man's pockets, and then dragged the latter out of the car to the side of the road. According to defendant, it was necessary

to drag the man from the car because he had "passed out" as the result of his intoxication. Following this, James got a tire iron out of the back of the car with which he repeatedly struck the man about the head. Defendant also got out of the car and was aware of what James was doing. While no mention was made in the statement, defendant expressly admitted to the court that he had also struck the victim. The balance of the statement related to the departure of defendant and his companions from the scene, to the disposal of the tire iron in a river, and to defendant's denials of knowledge of other objects of personal property found to be missing from the victim's person.

Defendant interprets the statement given to the court as showing two things: first, that nothing was taken from the body of the victim subsequent to, or as a consequence of, the attack with the tire iron; and, second, that the victim was unconscious from intoxication, and thus not susceptible to threats or intimidation, when the only articles taken, *viz.*, the package of cigarettes and the papers, were removed from his person. Based upon these premises, it is the thrust of the amended post-conviction petition, and of the defendant's arguments here: (1) that the crime shown by the statement was theft from the person, rather than robbery by use of force or threats of force (see Ill. Rev. Stat. 1969, ch. 38, pars. 16—1 and 18—1; *Hall v. People*, 171 Ill. 540); (2) that one can be guilty of a felony-murder only if he is attempting or committing a forcible felony (see Ill. Rev. Stat. 1969, ch. 38, par. 9—1(3)); (3) that the crime of theft from the person is not a forcible felony (see Ill. Rev. Stat. 1969, ch. 38, par. 2—8); and (4) that a factual basis for the crime to which he pleaded guilty did not exist.

■■ Translated into terms of the denial of a substantial constitutional right, which is the indispensable prerequisite for relief under the post-conviction act (*People v. Owens*, 34 Ill.2d 149; Ill. Rev. Stat. 1969, ch. 38, par. 122—1), it is contended that the facts in the statement put the trial court on notice that defendant could not have understandingly entered a plea of guilty to the felony-murder charge, and that it was therefore a denial of due process for the trial court to accept the guilty plea.

■■ From a review of the decisions which have construed the post-conviction act, *People v. Reeves*, 50 Ill.2d 28, in particular, it is clear that the requirements that a plea of guilty must be made "voluntarily" and "understandingly" are constitutionally mandated. If either or both of such elements is lacking, acceptance of the plea is in violation of due process (*e.g., People v. Washington*, 38 Ill.2d 446; *People v. Farnsworth*, 10 Ill.App.3d 844.) We must, therefore, conclude that defendant's amended post-conviction petition did address itself to the substantial denial of a constitutional right as required by the act. We are not per-

suaded, however, by defendant's theory that the record here must be interpreted to show a lack of understanding in this case.

■■ When defendant entered his plea of guilty in July, 1969, the trial court was governed by the standards set forth in Supreme Court Rule 401(b) which, in pertinent part, provided that a court should not permit a plea of guilty unless it first found that the accused "* * * understands the nature of the charge against him, and the consequences thereof if found guilty * * *." (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b).) Quite clearly, we believe, the rule did not require that an accused understand each element of the crime, a construction implicit in defendant's theory, nor impose a duty on the court accepting the plea to insure that he did. This was the precise construction arrived at in *People v. Harden*, 78 Ill.App.2d 431, 444, where the court said:

> "Considering the language of the Rule, it appears that the noun 'nature' connotes and is synonymous with the words *essence, general character, kind* or *sort*. In such sense the language of the Rule does not call upon the trial court to state to the defendant all of the acts which do or may constitute the offense." (Emphasis the court's.)

■■ Applying the foregoing rule and definition to the record before us, we believe it necessarily follows that defendant's plea to the felony-murder count was understandingly made. Ordinarily, so far as "understanding" goes, it has been held that merely advising an accused that he is guilty of murder is sufficient to apprise him of the nature of the charge. (*People v. Farnsworth*, 10 Ill.App.3d 844; *People v. Trenter*, 3 Ill.App.3d 889; *People v. McCrady*, 131 Ill.App.2d 836.) There is much more in the record here. Apart from the admonitions and explanations by the court, it appears that defendant, 26 years of age, first pleaded not guilty to all three counts of the indictment against him; that after a lapse of time and after discussions with, and explanations by, his counsel he selectively withdrew his plea to the felony-murder count and tendered a plea of guilty; that he expressly stated to the court his knowledge and understanding that the count charged him with murder; that he was aware of the penalty for murder even before the court undertook to explain it; and that, in return for his plea, the State's Attorney made a recommendation of sentence substantially less than the maximum. It is significant, too, that defendant waived a hearing in aggravation and mitigation and demanded immediate sentencing, thus manifesting his satisfaction with the acceptance of his plea. (*Cf. People v. Barr*, 14 Ill.App.3d 742.) In short, tested by the standards of Rule 401(b), we find the plea to have been studied and deliberate, and to have been voluntarily and understandingly made.

Nor do we find that the statement of the defendant, make known to the court after the acceptance of the guilty plea, and prior to sentencing, created an inconsistency or should have caused the trial court to conclude that the guilty plea was not understandingly made. Supreme Court Rule 402(d), which now directs that the trial court shall not enter a final judgment on a plea of guilty without first determining that there is a factual basis for the plea (Ill. Rev. Stat. 1973, ch. 110A, par. 402(d)), was not in effect when defendant's plea was accepted, and it is note-worthy also that such rule does not stem from a constitutional mandate. (*People v. Nardi*, 48 Ill.2d 111.) Accordingly, the statement was re-quested and received by the court only for the purpose of providing a guide for sentencing. At that phase of the hearing, from a procedural standpoint, defendant's plea of guilty had the effect of admitting all facts alleged in the felony murder count (including the allegation that "a ring and other personal property" had been taken from the victim by the use of force, *viz.*, the striking of the victim "with a blunt instru-ment"), and likewise admitted all elements of the crime charged. (*People v. Wilfong*, 19 Ill.2d 406; *People v. Claybrooke*, 15 Ill.2d 586.) From a substantive standpoint, it appears that defendant's statement was not the sole evidence of the crime in the hands of the prosecutor, nor was it tendered to the court as such. More important, however, in view of de-fendant's theory that all the items were taken from the victim before force was used, it is the reasonable intendment from his own statement that the ring and other items were not taken until after force had been used. Accordingly, there was no inconsistency with a felony-murder plea. On the record, we conclude that post-conviction relief was properly de-nied. *Cf. People v. Bowers*, 47 Ill.2d 585.

■■ Defendant was furnished with a transcript of the record of the post-conviction proceeding as required by Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(c)), but he nonetheless advances as his next contention that he has been deprived of due process of law because the record does not include a report of proceedings of all that occurred when his amended petition was heard. We find no merit to the contention. No evidence was presented at the hearing. The order denying relief reflects that the hearing, or proceeding, consisted solely of argu-ments of counsel on the question of law raised by defendant's amended petition, and we gather that no reporter was present to make a report of proceedings. *Griffin v. Illinois*, 351 U.S. 12, which is the undoubted source of Rule 651(c), requires only that an appealing indigent must be afforded a "record of sufficient completeness to permit proper considera-tion of [his] claims". (*Draper v. Washington*, 372 U.S. 487, 499.) We are not told how defendant was prejudiced or in what manner he was

prevented from advancing his claims due to lack of a report of proceedings, and it is apparent that unfairness in such respects could not exist in this case. The amended petition itself, and the report of proceedings of the original trial, are in themselves sufficient to permit a full consideration of the claim made in this court.

The judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

STOUDER and DIXON, JJ., concur.