(No. 42683.—

The People of the State of Illinois, Appellee, *vs.* Stephen R. Jackson, Appellant.

*Opinion filed Nov. 17, 1970.—Rehearing denied Jan. 27, 1971.*

WARD, J., took no part.

THOMAS W. CONKLIN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, and JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and TERRY GORDON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant Stephen R. Jackson was indicted, along with John Knight, Larry Pruitt and two other men, in the circuit court of Cook County for murder and armed robbery. After the charges had been reduced to voluntary manslaughter and robbery, Jackson, Knight and Pruitt all withdrew their pleas of not guilty and entered pleas of guilty. Jackson was sentenced to the penitentiary for a term of 14 to 20 years and Knight and Pruitt each received a 5-to-20-year sentence.

Jackson thereafter filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122 —1 *et seq.*) alleging: (1) that he was denied adequate counsel because his court-appointed attorney also represented a codefendant whose defense was antagonistic to his defense, (2) that his court-appointed counsel did not adequately and competently represent him, (3) that the trial court did not properly and intelligibly admonish him of the significance and consequences of his plea of guilty, (4) that he should have received no greater sentence than his codefendants, (5) that he was coerced into making a confession which resulted in a coerced decision to plead guilty, and (6) that his attorney coerced him into pleading guilty. The post-conviction judge conducted a hearing on whether Jackson was competently represented and whether the plea of guilty was knowingly and intelligently made and then denied the petition. Jackson now appeals to this court pursuant to our Rule 651(a). 43 Ill.2d R. 651(a).

Defendant testified at the post-conviction hearing that he relied on the advice of his attorney when he entered his plea of guilty to the reduced charges. He said he received the exact sentence he had been promised for his guilty plea and he understood he did not have to plead guilty. When asked how his attorney had coerced the plea, he replied: "By telling me, if I didn't cop out to a term of 14 to 20, I would be an old man when I get out of prison."

Defendant's trial counsel was concededly an experienced criminal attorney. Prior to the entry of the plea of guilty,

he had moved to sever the trial of Jackson and Knight from that of Pruitt and had moved to suppress a confession by Jackson and Knight. The motion to sever was denied when it was stipulated by the prosecution that a statement by Pruitt would not be used against Jackson or Knight. The hearing on the motion to suppress the confession of Jackson and Knight was pursued for two days and then terminated when the pleas of not guilty were withdrawn and pleas of guilty entered. In explaining why he did not proceed with the motion to suppress, the trial counsel stated: "The first thing as I recall is that there was a chance to get the murder conviction reduced to manslaughter, and, secondly, it looked as if the manner in which we were proceeding on the motion to suppress, we would have not been able to sustain our motion."

The trial attorney testified that he told Jackson everything pointed to him as the aggressor or person who struck the fatal blow, that the case looked bad, that it appeared he would get a lot of time if he were found guilty and that he would have to do more time than Knight or Pruitt if they all pleaded guilty. He said he had discussed the case with Jackson, Knight, Pruitt, Pruitt's attorney, the prosecution and the police officers and he had examined the statements given by the defendants, the testimony from a coroner's inquest and the police reports. It was his opinion, and he so advised his client, that if he went to trial for murder he would be convicted and receive a heavier sentence.

It is first argued that Jackson's defense was antagonistic to the defense of Knight and therefore the same attorney could not negotiate a plea for both of them. The record made at the post-conviction hearing fails to establish that the defenses of Jackson and Knight would have been antagonistic if they had gone to trial. Jackson's appellate counsel states that the trial counsel admitted the defenses were antagonistic. What the trial counsel said was that the defense of Pruitt, who was represented by another attorney, was

antagonistic to Jackson's defense and that he did not know whether the defenses of Jackson and Knight were antagonistic. In any event, the pleas of guilty waived any defenses Jackson and Knight may have had and removed any conflict in trying to present both defenses at the same time. The entry of the plea of guilty was a separate matter for each defendant—Jackson himself testifying that he was advised that he did not have to plead guilty.

Much is made of the fact that Robert Whitefield testified at the coroner's inquest that he had witnessed the homicide and identified Pruitt as the person who struck the decedent. A charge of incompetency is levelled at the trial counsel because he did not interview Whitefield and because he did not bring this testimony to the attention of the trial judge during the hearing in aggravation and mitigation.

The trial attorney admitted that he had not interviewed Whitefield. He said, however, that the trial judge was aware of the testimony because they had talked about the quality of it in the judge's chambers. He also explained that other facts, which the prosecution did not have at the time of the inquest, would show that Pruitt did not initiate the assault but it was, in fact, Jackson.

Defendant also argues that his sentence should have been no greater than that of Knight or Pruitt. The record shows that Jackson received a longer sentence because the evidence which would have been presented at a trial would tend to prove he struck the fatal blow and because he had a previous criminal record. Jackson's contention that his co-defendants also had criminal records which were not brought to the attention of the trial court, if true, would be of no avail to Jackson.

The admonition by the trial court is also criticized as being inadequate. Defendant testified, however, that he understood the nature of the proceeding, that he knew he did not have to plead guilty, that he knew the sentence he would receive and that he knew the sentence each of the co-

defendants was to receive. The admonition was adequate and defendant's own testimony shows he understood what he was doing.

Defendant contends that he should have been permitted during the post-conviction hearing to inquire into the voluntariness of a confession which he alleges coerced him into pleading guilty. The advice defendant received from his attorney was well within the range of competency required of attorneys representing defendants in criminal cases. His plea of guilty was an intelligent plea not open to attack on the ground that his counsel misjudged the admissibility of his confession and the post-conviction judge properly refused to hear evidence on the voluntariness of the confession. *McMann* v. *Richardson,* 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441.

The record made at the post-conviction hearing demonstrates that defendant was competently represented and that he voluntarily and intelligently entered his plea of guilty. The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.