The People of the State of Illinois, Plaintiff-Appellee, *v.* James Smith (Impleaded), Defendant-Appellant.

(No. 56306;

First District (3rd Division)—November 29, 1973.

James J. Doherty, Public Defender, of Chicago (William C. North and Harold A. Cowen, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mariann Twist, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was convicted in the criminal division of the circuit court of Cook County of an armed robbery which occurred on January 7, 1971. He was placed on probation for five years, the first nine months to be served in jail, the judge giving him credit for the time he had already served in jail. Whether this conviction was the result of a plea of guilty

or followed a bench trial is one of the issues on appeal. On January 21, 1971, on advice of counsel, defendant had pleaded guilty to the lesser charge of aggravated assault and theft arising out of the January 7 incident, and had been placed on probation, the first three months to be served in jail. After disclosure by defendant's mother to defense counsel that defendant was only 16 years of age, this original judgment was vacated. Defendant contends on appeal that his conviction for armed robbery after his earlier convictions for lesser offenses arising out of the same conduct, although subsequently vacated, constituted double jeopardy. He also argues that the court procedure of April 28, 1971, in which no evidence was taken and a stipulation of fact evidencing his guilt was read into the record, constituted a plea of guilty and was invalid under Supreme Court Rule 402 because the court's admonishment was insufficient.

It is undisputed that, when arrested, defendant gave a fictitious name and informed the police that he was 17 years of age. On January 21, 1971, he pleaded guilty to lesser included charges, and the felony charge of armed robbery was nolle prossed. On the same day, defense counsel informed the court that after trial defendant's mother disclosed to him defendant's real name, and that he was 16 years of age. Defense counsel also stated that if those facts were true, the juvenile division should probably have jurisdiction of defendant. After investigation proved that defendant in fact was 16 years of age, the convictions were vacated and the matter was transferred to the juvenile division. There the State was permitted to exercise its statutory right to have the cause transferred to the criminal division. Defendant subsequently was indicted for armed robbery. Defendant moved to dismiss the indictment on the grounds of double jeopardy. In denying the motion, the trial judge stated that he was not going to tolerate a situation brought about by defendant's lies.

Relying on *People v. Henderson* (1971), 2 Ill.App.3d 285, 276 N.E.2d 377, defendant contends that his conviction for armed robbery after his earlier pleas of guilty to lesser offenses arising out of the same conduct constituted double jeopardy. The State, on the other hand, maintains that the judgments of conviction by the first court would have been valid if they remained undisturbed, but that when defendant sought vacatur of those judgments, he waived any plea to double jeopardy.

In *Henderson,* after defendant was sentenced to the women's reformatory for robbery, the trial judge learned through a post-trial petition by defendant's mother that defendant was a juvenile rather than 18 years of age. The court thereupon entered a *nunc pro tunc* order correcting the mittimus to show a commitment to the Illinois Youth Commission rather than to the Dwight reformatory. This court held that the criminal

division of the circuit court had jurisdiction of defendant and affirmed the action of the trial court. The court went on to state that defendant's own actions, the telling of lies about her age, prevented her from utilizing the "procedural amenities of the Juvenile Court." The court further stated that a defendant should not be allowed to take her chances in the criminal division, and upon an adverse outcome demand reversal and a new trial in the juvenile division.

While *Henderson* is authority for the proposition that the circuit court had jurisdiction of the instant defendant in the earlier trial, we hold that defendant waived the double jeopardy issue by requesting through his counsel that the court vacate the earlier conviction. A somewhat analogous situation is found in *People v. Seipel* (1969), 108 Ill.App.2d 384, 247 N.E.2d 905. In that case, defendant, charged with murder, pleaded guilty to involuntary manslaughter and asked for probation. When opposition to probation developed, she moved to withdraw her plea and was allowed to do so. She subsequently was convicted of voluntary manslaughter, and appealed, arguing that the State could not elect to commence prosecution on a lesser offense based on the same conduct, solicit a plea of guilty and then prosecute her for a greater offense, after her plea was vacated. In affirming the conviction, this court, at pp. 391-392, stated:

> "The defendant flies squarely in the face of the statute which bars prosecution only if there is either a conviction or an acquittal or a determination that the evidence is insufficient to warrant conviction on the first trial. * * * [P]ermitting the defendant to withdraw her plea and her waiver of indictment left her neither convicted nor acquitted of the charge. * * * There is little doubt that the prosecution would have carried on under the plea of guilty, but this wasn't to defendant's liking and she decided to take another tack. Having withdrawn her plea of guilty with the acquiescence of the People, she effectively scuttled the then pending information charging her with involuntary manslaughter. * * * The present prosecution is not barred through any proper concept of fairness nor for any of the reasons stated in the statute."

■■ Despite defendant's insistence to the contrary in this court, it is clear that it was defendant's mother and his counsel who sought to have the earlier convictions vacated. Their successful effort in vacating those convictions waived any claim of double jeopardy to bar the subsequent prosecution. Any other result would permit defendant to wilfully misrepresent his age, await the outcome of the first trial, successfully obtain the vacatur of an earlier judgment and then escape all prosecution.

Defendant next contends that the court proceedings of April 28, 1971, did not amount to a trial, but constituted a plea of guilty on his part and were invalid because the trial court failed to admonish him as required by Supreme Court Rule 402. Our examination of the record does not support his contention.

After the trial court had denied various pretrial motions, including the aforementioned motion to dismiss the indictment, the matter came up for trial on April 28, 1971. On April 12 defendant had pleaded not guilty, and the common law record of April 28 likewise discloses that defendant entered a plea of not guilty. The record also discloses the following:

> "ASSISTANT STATE'S ATTORNEY: * * * The State is ready to proceed with the stipulated bench trial.
>
> DEFENSE COUNSEL: Your Honor, we are ready to proceed.
>
> THE COURT: He has to be admonished of his rights to a jury trial."

The trial judge thereafter thoroughly admonished defendant as to his right to a jury trial, and concluded as follows:

> "THE COURT: You understand, Mr. Murphy and Mr. Smith, you understand that you have a right to a jury trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You are voluntarily waiving that right now and having a bench trial?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that?
>
> THE DEFENDANT: Yes."

The prosecutor then read into the record a certain stipulation: that on January 7, defendant and another person entered a laundromat located in Chicago, displayed a weapon and committed a robbery of the owner; that they took the owner's automobile, his gun and $200 in cash; that on January 8, when the stolen auto was stopped by the police, defendant fled but was apprehended under a porch; and that after he was advised of his rights he admitted to the officers his part in the robbery. After that stipulation was read, the following colloquy took place:

> "THE COURT: Is that all the State wants in the stipulation?
>
> ASSISTANT STATE'S ATTORNEY: That is correct. The stipulation as to venue and age.
>
> DEFENSE COUNSEL: On April 28th, 1971, Audrey Murphy is 17 years old.
>
> THE COURT: Very well.
>
> DEFENSE COUNSEL: Defense at this time will rest, Judge.
>
> THE COURT: Both sides rest, all the evidence is now in?
>
> ASSISTANT STATE'S ATTORNEY: That is correct, Judge."

■■ It is evident from a review of the foregoing proceedings that defendant did not plead guilty to armed robbery, but rather received a bench trial. Indeed, the defendant was careful not to plead guilty to the charge, apparently so as not to jeopardize his contention that the earlier judgment of conviction was a bar to the subsequent proceedings. The defendant entered an unequivocal plea of not guilty, and his attempt to suggest otherwise is not persuasive.

■■ Defendant has also contended that the sentence of five years probation, with the condition that the first nine months be served in jail, is improper under the Unified Code of Corrections. Under the code imprisonment may not be imposed as a condition of probation, unless such imprisonment is periodic. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—3(d).) Since defendant has already served the full period of imprisonment, this issue is moot.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.