The People of the State of Illinois, Plaintiff-Appellee, *v.* Arthur Lee Young, Defendant-Appellant.

(No. 59291;

First District (4th Division)—January 22, 1974.

James J. Doherty, Public Defender, of Chicago (Daniel Miranda, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel, and Ricky L. Petrone, Senior Law Student), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was indicted for murder and in a bench trial in which all the evidence was stipulated defendant was found guilty of the lesser included offense of voluntary manslaughter. A sentence of a minimum of 5 years and a maximum of 15 years in the Illinois State Penitentiary was imposed. In this appeal defendant maintains that the stipulated bench trial was tantamount to a plea of guilty and therefore, it was necessary to admonish him in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Defendant also contends that the stipulated evidence was insufficient to establish the offense of voluntary manslaughter beyond a reasonable doubt. We do not agree with either of these contentions.

On November 21, 1972, defendant's case was before the trial court and defense counsel requested a conference so that "we might be able to dispose of the matter." The trial court before granting the request fully informed defendant of what would occur at such a conference and inquired whether defendant agreed to permitting his attorney to confer with the State and the court regarding his case. Defendant responded affirmatively. A partial conference was held and the record indicates the conference was to be continued to December 15, 1972. However, defense counsel informed the court that there would be no purpose in continuing the conference because the defendant had indicated the results of the conference were unsatisfactory. Defense counsel then requested that the case be set for jury trial and the case was set for trial on December 14, 1972.

On December 14, 1972, defendant's attorney made a motion to dismiss the indictment which was denied. Defendant on his own made a motion

to have a bar association lawyer assigned to his case, and this motion was also denied. The case was continued to January 31, 1973.

When the defendant's case was called on January 31, defense counsel informed the court that the defendant had decided to accept the results of the conference. The court could not remember what those results were and the case was temporarily passed. When it was called again, the court stated to defendant, "Your attorney has stated that you wish to plead not guilty, and waive your right to trial by jury, is that what you wish to do?" Defendant responded, "Yes." The court then admonished defendant as to his constitutional right to a jury trial, but defendant stated he wanted to be tried by the court without a jury. A written jury waiver was signed by defendant. After defendant waived his right to a jury trial the following colloquy occurred between the court and defendant.

> "THE COURT: On December 14, 1972, you agreed that your counsel, Mr. Lincoln, would confer with the Court regarding the disposition of your case. That conference was held, and after an examination of all the facts in the case, the Court advised the parties that if the facts were as were disclosed to the Court in the conference, the Court would enter a finding of guilty as to voluntary manslaughter, and impose a sentence on you in the Illinois State Penitentiary for a minimum of five years, and a maximum not to exceed 15 years.

> Your counsel at that time stated that he was willing and agreeable to stipulating to the fact in open court, that had been disclosed to the Court off the record, in chambers, and presenting a case to the court on what is called a stipulation as to the facts. That is, none of the witnesses will be present here, who would testify, as it is being stipulated that they would testify, and based upon that stipulation, that stipulated statement of the evidence, the Court would enter the order that the Court said he would enter, if those were the stipulated facts, and if those were the facts that were presented to the Court on a plea of not guilty.

> My next question to you is, are you willing that your attorney, Mr. Lincoln, proceed in that fashion, and have the matter disposed of on your plea of not guilty by a stipulation as to the facts; are you willing that he proceed in that fashion?

> THE DEFENDANT: Yes.

> THE COURT: Very well. Plea of not guilty, jury waived. What are the stipulated facts, Mr. State's Attorney?"

The stipulation of facts reveals that Mrs. Muse, the wife of the victim, Samuel Muse, would have testified that on February 18, 1972, at approximately 12:30 A.M., her husband was in the community kitchen

adjoining their apartment frying fish. The defendant entered the apartment and remarked to the victim, "I smell sardines." Mr. Muse replied he was frying fish and the defendant stated, "Kiss my ass." The two men began pushing each other and Mrs. Muse came out of her bedroom and told them not to fight. Mr. Muse went into the bedroom for about 15 minutes and told his wife he was not going to be stopped from frying fish by the defendant. He returned to the kitchen and the defendant, who apparently overheard Mr. Muse's remark, told Mr. Muse, "Little Nigger, what did you say?" Defendant then shoved Mr. Muse to a table, pulled a gun and fired several shots at him. Mrs. Muse observed these events as she was standing in the bedroom doorway.

It was also stipulated that Dr. Edward Shalgos, a Cook County coroner's pathologist, would testify that the cause of death was a bullet wound to the arm and chest, namely, the lungs, heart, pulmonary arteries and aorta.

It was also stipulated that if Detective James Boyle of the Chicago Police Department were called as a witness, he would testify that he was the investigating officer in this case and that he was sent to Philadelphia, Pennsylvania, to arrest the defendant. On March 29, 1972, Detective Boyle and Lieutenant Martin of the Philadelphia Police Department arrested defendant. After defendant was advised of his rights, he admitted shooting Mr. Muse. Defendant's age and the facts establishing venue were also stipulated.

Defense counsel requested that a stipulation be entered as to what the defendant would testify to if called on his own behalf. It was stipulated that "he would testify that he talked to the victim in the kitchen, that the victim started accusing the defendant of messing with the victim's wife, and the victim appeared intoxicated, and that before the shooting, the victim threw a skillet at the defendant, full of hot grease. The defendant ducked and the skillet hit the floor. The victim then picked up a knife and threatened the defendant, and that it was then that the defendant shot the deceased." It was also stipulated that a police officer would testify that a skillet was found on the floor and that the wall was covered with grease.

After a hearing in aggravation and mitigation, defendant was sentenced to incarceration for a minimum of 5 years and a maximum of 15 years. He was advised of his right to appeal and has now exercised that right.

Defendant maintains that the stipulated bench trial was tantamount to a plea of guilty and therefore, his plea should not have been accepted without substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). The issue as characterized by defendant

is whether proceeding by stipulation to a prearranged finding and sentence is a trial or is the procedure in essence a guilty plea? The State maintains that the proceeding in the case at bar is not tantamount to a guilty plea because defendant did not waive his right to assert the defense of self-defense and did assert and preserve that defense in the stipulated evidence. Therefore, the State contends compliance with Supreme Court Rule 402 is not required. Under the circumstances of this case, we are of the opinion that the State's position is correct.

■■ The defendant in the case at bar never withdrew his plea of not guilty and persisted in asserting the defense of self-defense. It is axiomatic that a trial court has no duty to admonish a criminal defendant of the consequences of a guilty plea until the defendant indicates a desire to so plead. As stated in *People v. Peters,* 396 Ill. 345, 347, 71 N.E.2d 703, 704 (1947):

> "There is no occasion to admonish the defendant as to the effect of a plea of guilty until he has indicated his desire to enter such plea. * * * In the orderly method of procedure the first step is the indication by the defendant of his intention to enter a plea of guilty. The court then admonishes him as to the effect and consequences of such plea. If he then persists in such plea it is accepted and judgment entered on the plea."

The defendant in the case at bar never indicated a desire to plead guilty.

The conference held between the court, the assistant State's attorney and defense counsel on November 21, 1972, was entered with the goal being to dispose of the defendant's case by a plea of guilty. This is indicated by the following statement made by the court to defendant when it was advising him as to what would occur at the conference. The court stated:

> "And then the Court will tell both sides, that is the State and your attorney, what his sentence will be if you choose to withdraw your plea of not guilty to this indictment and enter a plea of guilty to the indictment."

However, as previously indicated, defendant did not initially accept the results of the conference. It was not until January 31, 1973, that defendant informed the court of his willingness to accept the results of the conference but even then defendant was not willing to plead guilty. Defendant wished to plead not guilty, waive a jury trial and submit the case on a stipulation of facts. We think it clear, as the State points out in its brief, that the intention of the defendant and his attorney was to receive the benefit of the court's disposition to find defendant guilty of voluntary manslaughter and sentence him to from 5 to 15 years but at the same time preserve at least for appeal his defense of self-defense.

While this may have been an adept compromise maneuver, the defendant cannot now claim that the proceeding was also tantamount to a guilty plea and that the admonishments of Supreme Court Rule 402 were necessary.

■■ A guilty plea is not merely a confession but amounts to a conviction on the offense charged (*Boykin v. Alabama*, 395 U.S. 238, 242, 23 L.Ed.2d 274, 279, 89 S.Ct. 1709, 1711-1712 (1969)). The effects and consequences of a guilty plea were well-stated in *People v. Wilfong*, 19 Ill.2d 406, 409, 168 N.E.2d 726, 728 (1960):

> "When a plea of guilty is fairly and understandingly made, it admits every material fact alleged in the indictment and all the elements of the crime with which an accused is legally charged, and obviates the need of any proof whatsoever. (*People v. Claybrooke*, 15 Ill.2d 586; *People v. Hurt*, 8 Ill.2d 491.)"

In addition a plea of guilty constitutes a waiver of any defenses an accused may have. (*People v. Jackson*, 47 Ill.2d 344, 265 N.E.2d 622 (1970); accord, *People v. Null*, 13 Ill.App.3d 60 (1973).) The defendant was not willing to incur these consequences nor forego his defense of self-defense. Defendant neither directly nor indirectly made an admission of guilt. Under the circumstances of this case, we cannot accept the defendant's contention that the defendant's stipulated bench trial was tantamount to a plea of guilty. We are, therefore, of the opinion that the trial court was under no duty to admonish the defendant in accordance with Supreme Court Rule 402.

The defendant has cited the two recent Illinois Supreme Court cases of *People v. Stepheny*, 56 Ill.2d 237, 306 N.E.2d 872 (1974), and *People v. Smith*, 59 Ill.2d 236, 319 N.E.2d 760 (1974). However, both cases are distinguishable from the case at bar. In *Stepheny* the record established that defense counsel agreed to a disposition of the case and that the defendant was at most only vaguely apprised of the procedure. In addition defense counsel admitted his conduct was tantamount to a guilty plea. In the case at bar, Young was fully advised of the conference and its results. He continued to maintain his innocence by asserting the defense of self-defense. In *Smith*, a stipulation of facts was entered and revealed that the defendant and an accomplice entered the victim's place of business and robbed him. Defendant voluntarily confessed his participation in the crime. It was further stipulated that the facts were sufficient to find the defendant guilty of the crime charged beyond a reasonable doubt. The defense counsel in *Smith* presented no evidence. In the case at bar a defense was presented, and there was never an admission of guilt by the defendant. We do not find *Stepheny* or *Smith* persuasive under the circumstances of the case before us.

Defendant has also cited three California cases, *In re Mosley*, 1 Cal.3d 913, 464 P.2d 473, 83 Cal. Rptr. 809 (1970), *People v. Levey*, 8 Cal.3d 648, 504 P.2d 452, 105 Cal. Rptr. 516 (1973), and *In re Hammond*, 33 Cal.App.3d 440, 109 Cal. Rptr. 98 (1973), in support of his position. However, we also find these cases unpersuasive. In *Mosley* and *Levey* the prosecution and defense entered a stipulation and agreed that the cases be submitted on the transcript of testimony taken at the preliminary hearings. In each case the evidence adduced at the preliminary hearing was only supportive of the prosecution. Neither defendant testified nor called witnesses on his behalf. In both cases the evidence presented was sufficient in law to support a conviction of the crime charged. Under these circumstances the Supreme Court of California found the procedure to be in effect a plea of guilty and that the proper admonishments were necessary. It is readily apparent that the case before us differs in a material aspect from these California cases. In the instant controversy defendant Young presented evidence to support his claimed defense of self-defense. He asserted his constitutional right to plead not guilty and offer a defense to the charges brought against him.

In *Hammond* the defendant was declared to be an habitual criminal under the California Penal Code. The defendant had been charged in an information with five felonies. The information also charged him with three prior felony convictions and with a conviction for the crime of escape. Prior to trial the defendant pled not guilty to the offenses charged in the information but admitted having suffered the prior convictions. On this admission proper determination of habitual criminality could, upon conviction, be made. The California Appellate Court held that the defendant's admission of the charged prior convictions was "the functional equivalent of a plea of guilty to an independent criminal charge" and that it was necessary to properly admonish the defendant as to the effect of such a plea. In the case before us, as we previously indicated, the defendant neither directly nor indirectly made an admission of guilt. We are, therefore, of the opinion that *Hammond* is factually different from the case at bar and unpersuasive.

■■ In *People v. Smith, supra,* our supreme court stated: "Where the circumstances indicate that calculated efforts have been made which amount to the entry of a guilty plea, we hold that an accused must be afforded the protections set forth by Rule 402. [Citation.]" (59 Ill.2d 236, 242-43.) We are of the opinion that the circumstances of the case at bar do not warrant a finding that this proceeding was tantamount to a plea of guilty. Although the trial court had indicated what it would do if the defendant withdrew his plea of not guilty and pled guilty, defendant never directly or indirectly admitted his guilt. He chose to plead

not guilty and submit his case on a stipulation of facts. Defendant never waived his asserted defense of self-defense. Under these circumstances we cannot agree that the stipulated bench trial was in effect a guilty plea, and, therefore, it was not necessary to admonish defendant in accordance with Supreme Court Rule 402.

The defendant also contends that the stipulated evidence was insufficient to establish the offense of voluntary manslaughter beyond a reasonable doubt. Defendant maintains that all elements of the offense of voluntary manslaughter were not established beyond a reasonable doubt and that the defendant reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to himself. We do not agree.

■■■ The offense of voluntary manslaughter is defined in section 9—2 of the Illinois Criminal Code as follows:

"(a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) The individual killed, or

(2) Another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.

(b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable." (Ill. Rev. Stat. 1973, ch. 38, par. 9—2.)

Defendant contends that there is nothing in the stipulated evidence to indicate that he was acting under a sudden or intense passion resulting from serious provocation. Defendant also contends that the evidence supports his asserted defense of self-defense and, therefore, he reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to himself. We have carefully reviewed the record of the stipulated evidence and are of the opinion that the evidence was sufficient to support beyond a reasonable doubt a conviction of voluntary manslaughter upon either definition of the offense. The trial court was not bound to accept the defendant's version of the events that occurred. (*People v. Wiggins,* 12 Ill.2d 418, 147 N.E.2d 80 (1957).) When a case

is tried without a jury, it is the function of the trial court to evaluate and resolve conflicts in the evidence. (*People v. Washington,* 27 Ill.2d 104, 187 N.E.2d 739 (1963).) A reviewing court will reverse a judgment of guilty because of insufficient evidence only when the evidence adduced is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt of the defendant's guilt. (*People v. Harris,* 8 Ill.2d 431, 134 N.E.2d 315 (1956).) We do not believe the stipulated evidence presented in the case at bar is palpably contrary to the trial court's judgment or so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt of defendant's guilt. For the reasons herein stated the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.