THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NARCISCO CRUZ (Impleaded), Defendant-Appellant.

(No. 58852;

First District (2nd Division)—January 29, 1974.

STAMOS, J., took no part.

Paul Bradley, Deputy Defender, of Chicago (Edwin R. McCullough, Assistant Appellant Defender, of counsel), for appellant.

442

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Narcisco Cruz, defendant, was originally charged by indictment with the crime of armed robbery in violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 18—2). Defendant entered a plea of not guilty and waived his right to a trial by jury. Evidence was then introduced through a stipulation of the parties, after which defendant was found guilty of the offense of robbery and sentenced to a term of one to three years.

Defendant's only argument on appeal is that the trial court erred in failing to admonish him under Supreme Court Rule 402 since the stipulated bench trial was tantamount to a plea of guilty. Since this is defendant's only argument on appeal, a detailed recitation of the facts is unnecessary.

In *People v. Smith,* 16 Ill.App.3d 100, 305 N.E.2d 714, the defendant was convicted of armed robbery. Defendant had entered a plea of not guilty and had waived his right to a trial by jury. Thereafter, certain evidence was introduced by way of stipulation. Defendant presented no evidence in his own behalf. Defendant was then found guilty of armed robbery. On appeal, defendant argued that the trial court proceedings in effect constituted a plea of guilty and were invalid because the trial court failed to admonish him pursuant to Supreme Court Rule 402. After reviewing the record, this court rejected defendant's contentions, stating:

> "It is evident from a review of the foregoing proceedings that defendant did not plead to armed robbery, but rather received a bench trial."

Similarly in the case at bar, defendant, while represented by privately retained counsel, entered a plea of not guilty and waived his right to a trial by jury. Thereafter, evidence was introduced through a stipulation of the parties. Defendant was then found guilty, not of the initial charge of armed robbery, but of the lesser included offense of robbery. Under these circumstances, it is evident that defendant did not plead guilty, but rather received a bench trial. The trial judge was therefore not required to admonish the defendant pursuant to Supreme Court Rule 402.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, J., took no part in the consideration or decision of this case.