THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ESSIE RIES, Defendant-Appellant.

(No. 59824;

First District (2nd Division)—April 29, 1975.

James J. Doherty, Public Defender, of Chicago (Paul D. Katz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Robert V. Boharic, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Defendant, Essie Ries, was charged by Indictments 73-789, 73-790 and 73-791 with the offenses of robbery, armed robbery and robbery, respectively, in violation of sections 18—1 and 18—2 of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, pars. 18—1, 18—2.) (After a "stipulated bench trial," defendant was found guilty as charged under Indictment 73-789, found guilty of the lesser included offense of robbery under Indictment 73-790, and found not guilty under Indictment 73-791. He was sentenced to concurrent terms of 1 year to 5 years on the two findings of guilty.

On appeal defendant contends that the procedure of the "stipulated bench trial" employed in the convictions under Indictments 73-789 and 73-790 amounted to the entry of pleas of guilty as to which the trial court improperly failed to admonish him pursuant to Supreme Court Rule 402 relating to pleas of guilty. (Ill. Rev. Stat. 1971, ch. 110A, par. 402.) He also contends that he was not proven guilty beyond a reasonable doubt under Indictment 73-790; that the trial court improperly compelled him to testify at his own trial; and that his privately retained

counsel rendered incompetent assistance at the trial. It is unnecessary to deal with the latter three contentions raised by defendant, inasmuch as the record discloses that the "stipulated bench trial" employed below was tantamount to the entry of pleas of guilty as to which the trial court should have admonished defendant pursuant to Supreme Court Rule 402, requiring reversal and remandment of the cause.

After the cases had been called for trial, the following colloquy took place between the trial court and defendant's counsel:

"Defense Counsel: Your Honor, I have had a conference with my client and his wife. The client has advised me that at this time he wants to enter a plea of guilty. I have advised him of his rights, that he could have a jury trial if he wanted or a trial before your Honor solely, and he said in light of the circumstances he desires to enter a plea before your Honor.

The Court: Well, there are three charges pending against him. Are you wishful of entering pleas of guilty to all three charges?

Defense Counsel: I guess that's what it would be, your Honor, yes.

The Court: Now, might I make this suggestion? Perhaps your client would enter a plea of not guilty and if he wishes waive his right to a trial by a jury, and we could have—you could if he wishes, agree to what the State's testimony would be.

Defense Counsel: Fine.

The Court: And based on that testimony I could enter such a finding as I deem appropriate.

Defense Counsel: Yes. Then he could make a choice.

The Court: No, not a choice, but I could hear an agreed statement of facts and hear what your client has to say and what additional evidence the State would wish to offer, and then I will make a determination in light of the statements made to me in chambers. I feel that that would be appropriate in hearing the matter.

Defense Counsel: Thank you, Judge. We will go along with your feelings."

The trial court explained the procedure to the defendant who stated that he understood and agreed; defendant was advised as to the nature of the charges against him and executed written jury waivers. Evidence was heard by stipulation as to Indictments 73-789 and 73-790, consisting of the State's prima facie case as to both offenses, after which the trial court asked defendant if he wished to say anything concerning the respective offenses. Defendant's unsworn statements in response to the trial court's questions were in the nature of denials of the facts con-

tained in the stipulations; in addition, the trial court heard the unsworn statements of one of the arresting police officers relative to the offense charged in Indictment 73-789.

The circumstances surrounding the "stipulated bench trial" employed in the findings of guilty under Indictments 73-789 and 73-790 indicate the pursuance of a procedure which amounted to the entry of pleas of guilty to the offenses charged in those indictments. That method of proceeding to a finding of guilty has been severely criticized by the Illinois Supreme Court, where the accused has not been afforded the protections prescribed by Supreme Court Rule 402. *People v. Stepheny,* 56 Ill.2d 237, 306 N.E.2d 872; *People v. Smith,* 59 Ill.2d 236, 319 N.E.2d 760; Ill. Rev. Stat. 1971, ch. 110A, par. 402.

Defendant initially desired to enter pleas of guilty to all three indictments, but at the suggestion of the trial court, his counsel agreed to pursue a "stipulated bench trial." The stipulations of evidence do not contain a recitation of disputed facts, but rather consist of a straightforward statement of the State's case as to each offense charged, in much the same manner as a factual basis would have been presented to the court in support of a plea of guilty as is required by Supreme Court Rule 402(c). It is not without note that the defendant, after each such stipulation had been presented to the trial court, in essence and in unsworn statements denied the commission of the offense charged.

The trial court, after suggesting the procedure which was subsequently followed in this case, indicated that there had been some discussions in chambers which the court would consider in arriving at a determination of the cases; those discussions related to defendant's position that he was not guilty of the charges, but that he was willing to enter pleas of guilty if he did not have to spend time in prison. The admonishments given to defendant concerning the instant rather unique procedure did not fully advise him of all the ramifications of such a procedure; it should also be noted that the record discloses no opportunity on the part of defense counsel to have explained the procedure or to otherwise have advised defendant in that regard. Defense counsel's failure to object to the trial court's questioning whether defendant wished to make a statement, or to pursue defendant's unsworn denials of the charges made in response thereto, his failure to object to the prosecutor's unsolicited comments during the hearing, and his failure to cross-examine the arresting police officer constitute a tacit admission that defense counsel considered the procedure employed as tantamount to the entry of pleas of guilty to the offenses charged in Indictments 73-789 and 73-790. (See *People v. Stepheny.*) It was therefore error for the

trial court to have proceeded in such manner without affording defendant the admonitions prescribed by Supreme Court Rule 402.

The case of *People v. Young,* 25 Ill.App.3d 629, 323 N.E.2d 788, which holds that the "stipulated bench trial" there involved did not constitute the entry of a plea of guilty, is distinguishable on its facts from the instant circumstances. In *Young,* the defendant entered a plea of not guilty on a murder indictment; he accepted a previously negotiated finding of guilty of voluntary manslaughter, for which a sentence had been determined; and he continued to maintain a defense of self-defense, a factual account of which was included in the stipulation of facts submitted to the trial court. In the instant case the stipulations amounted solely to statements of facts calculated to result in a finding of guilty beyond a reasonable doubt and did not contain the defenses which the defendant later, through unsworn statements, sought to raise. As such, the instant procedure was tantamount to the entry of pleas of guilty to the charges contained in Indictments 73-789 and 73-790, without the attendant protections afforded by Supreme Court Rule 402, contrary to the mandate in the *Stepheny* and *Smith* cases.

For the foregoing reasons the judgments of the circuit court of Cook County entered upon Indictments 73-789 and 73-790 are reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Judgments reversed, cause remanded.