THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED RUSS, JR., Defendant-Appellant.

(No. 61103; ◼

First District (2nd Division)—July 22, 1975.

*Supplemental opinion upon denial of rehearing September 2, 1975.*

Paul Bradley, James R. Streicker, and Gordon Berry, all of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

Defendant-appellant, Alfred Russ, Jr. (hereafter defendant), was charged in a three-count indictment with alternative offenses of murder (Ill. Rev. Stat. 1971, ch. 38, pars. 9—1(a)(1), 9—1(a)(2)) and with the offense of arson (Ill. Rev. Stat. 1971, ch. 38, par. 20—1). Immediately before trial the two alternative counts of murder were nolle prossed by the State. After a "stipulated bench trial" on a plea of not guilty to the charge of arson, in which there was no attempt to comply with the provisions of Supreme Court Rule 402 relating to pleas of guilty (Ill. Rev. Stat. 1971, ch. 110A, par. 402), defendant was found guilty of arson and was sentenced to the penitentiary for a term of 3 years to 9 years.

On this appeal, defendant presents two issues: (1) the "stipulated bench trial" procedure used was tantamount to the entry by defendant of a plea of guilty to the charge of arson, so that defendant was entitled to the protection afforded by Supreme Court Rule 402 to persons entering pleas of guilty, which protection he did not receive; (2) in any event, he was not proved guilty of arson beyond a reasonable doubt.

The underlying facts are as follows. Counts I and II of the indictment

charged defendant with the murder of Providentia Henry on August 10, 1972, in that defendant unlawfully set fire to her apartment, which caused her to jump from a window of the apartment in an attempt to escape from the fire, whereby she fractured her skull and died. Count I charged that defendant's act, done without lawful justification, was performed with the intent to kill or do great bodily harm to Providentia Henry or with the knowledge that his act would cause death to her; Count II charged that defendant's act, done without lawful justification, was performed with the knowledge that it created a strong probability of death or great bodily harm to Providentia Henry. Count III charged defendant with the offense of arson in having set fire to the apartment of Providentia Henry, knowingly damaging it.

The case was called for trial on June 6, 1974, at which time defendant's private counsel, appointed by the court approximately 18 months prior thereto, requested a conference with the court for the reason that, after extensive negotiations, an agreement had been reached with the State's Attorney's Office as to the disposition of the case: defendant was to enter a plea of guilty to the arson charge of the indictment, for which the State would recommend a sentence of 3 years to 9 years, and the State was to dismiss the murder counts of the indictment. It then developed in a colloquy in open court that defendant was confused by the language of the arson charge; he said that he knew that he had set fire to the building, but he maintained that he had not intentionally set the fire, stating to the court generally that he had not meant to set the fire when he did so and that the actual setting of the fire had been an accident. Defendant nonetheless continued to express his desire to enter the plea of guilty to the arson charge in order to receive the benefits of the State's recommendation as to the sentence and of the dismissal of the murder charges. The trial court, however, expressed its reluctance to accept the plea of guilty, because defendant obviously thought himself innocent of the charge owing to his insistence that his setting of the fire had been accidental. But the court also voiced its reluctance not to accept the plea of guilty to the arson charge, because the State could then proceed against defendant on the murder charges. After several conferences were held between defendant and his counsel and between the trial judge and counsel for the parties, defendant expressed his desire to "withdraw" his plea of guilty, at which time the trial judge asked defense counsel if he was "going to proceed with the stipulated bench," to which counsel made no reply. Defendant waived a jury trial, and his counsel then told the court that defendant wished to be tried on a plea of not guilty to the charge of arson.

The State then recited by way of what amounted to an offer of proof

the underlying facts of the case. The State's witnesses would testify at trial, if called, the defendant had been heard and seen in the deceased's apartment, threatening to set fire to the apartment if he did not receive money from the deceased; that immediately after the fire the apartment had smelled of gasoline, and a partly full can of gasoline had been found in the apartment; that shortly after the fire, defendant had been admitted to a hospital under an assumed name for burns on his hands; that defendant had admitted starting the fire to an assistant State's Attorney; and that a police investigator had observed the apartment after the fire and in his opinion the fire constituted arson. The facts so recited were then stipulated to by defense counsel, who also expressly waived cross-examination of the State's witnesses and expressly withdrew a pending motion to suppress defendant's statements to the assistant State's Attorney, indicating that defendant would not object to the assistant's testimony in that regard upon trial. Defense counsel then stated that defendant's evidence in the case would consist of those statements made to the court by defendant during the instant proceeding, relating to his lack of intent in setting the fire and to the accidental nature of the fire. The State made no response to this offer of proof by defendant. After the court found defendant guilty of the offense of arson, defense counsel requested imposition of the 3-year to 9-year sentence previously recommended by the State, and defendant was sentenced to that term.

It is clear that there were, in effect, two stipulations in this "stipulated bench trial" on a plea of not guilty: the expressly stipulated testimony comprising the State's case-in-chief and the impliedly stipulated testimony of defendant comprising his defense. The case was then submitted to the trial judge for his finding of guilt or innocence. There was no stipulation by anyone as to what that finding was to be.

On this appeal, defendant contends that the instant "stipulated bench trial" was tantamount to the entry by him of a plea of guilty to the charge of arson, so that he was entitled to the protection afforded by Supreme Court Rule 402 to defendants entering a plea of guilty. In support of his contention, defendant cites four cases: *People v. Stepheny* (January 1974), 56 Ill.2d 237, 306 N.E.2d 872; *People v. Cruz* (May 1974), 56 Ill.2d 583, reversing *People v. Cruz* (1974), 17 Ill.App.3d 441, 308 N.E.2d 349; *People v. Smith* (November 1974), 59 Ill.2d 236, 319 N.E.2d 760; and *People v. Ries*, 28 Ill.App.3d 698, 329 N.E.2d 243 (April 1975). In opposition to defendant's contention, the State cites *People v. Young* (January 1975), 25 Ill.App.3d 629, 323 N.E.2d 788, which distinguishes the *Stepheny* and *Smith* decisions.

■■ We think that the several cases demonstrate that a stipulated bench trial per se may or may not be tantamount to the entry of a plea of guilty.

In the cases cited by defendant, it was. In the case cited by the State, it was not. What, then, is the distinction?

We begin with the observation that a plea of guilty waives any and all defenses (*People v. Jackson* (1970), 47 Ill.2d 344, 265 N.E.2d 622). It follows that, if in a "stipulated bench trial" there is an expressly or impliedly stipulated defense (as well as a stipulated case-in-chief for the State), such a "stipulated bench trial" is not tantamount to the entry of a plea of guilty. In other words, such a total stipulation does not extend to the fact of guilt itself, but leaves to the trial judge the basic judicial function of determining guilt or innocence on the basis of the total stipulation. On the other hand, if the stipulation of the State's case-in-chief extends to stipulating, in effect, the very fact of guilt itself and there is no defense whatever, then such a stipulation is tantamount to the entry of a plea of guilty. Intermediate situations may exist. For example, the stipulation might encompass all the essential facts of the State's case-in-chief and the "defense" might consist solely of defendant's testimony purporting simply to deny one or more of the stipulated facts. Since defendant had already stipulated to the fact or facts which he now purports to deny by way of defense, the reality of the situation is that the defendant has interposed no genuine defense whatever and there actually is no issue of guilt or innocence for the trial judge to determine; hence, despite the purported defense, the stipulation is tantamount to the entry of a plea of guilty.

We proceed now to discuss each of the several cases cited to us.

In *Stepheny*, there was a purported defense (presumably of self-defense). But defense counsel admitted that the defense was not a genuine defense since he was merely going through the motions of concluding the trial in accord with the terms which he had negotiated with the State during the presentation of the State's case-in-chief, of which terms the trial judge was aware. Defense counsel further himself admitted that, by reason of the negotiation, the case had become an agreed case; he admitted that the proceeding was in reality the equivalent of the entry of a plea of guilty of the lesser included offense of voluntary manslaughter. Our Supreme Court took defense counsel at his word and held that, under the circumstances, defendant was entitled to compliance with the then statutorily required protection afforded to persons entering a plea of guilty. (The statute (Ill. Rev. Stat. 1965, ch. 110, par. 101.26(3)) was the forerunner of the present Supreme Court Rule 402.) *Stepheny*, therefore, classifies as a "purported defense" case.

In *Cruz*, the defendant was indicted for the offense of armed robbery. He pleaded not guilty and waived a jury trial. Evidence of the offense was introduced by stipulation, after which defendant was found guilty

of robbery. On appeal, defendant's only contention was that his stipulated bench trial was tantamount to the entry of a plea of guilty, so that he was entitled to be admonished pursuant to Supreme Court Rule 402. This court denied his contention and affirmed the conviction. The supreme court, citing *Stepheny*, reversed the judgments of this court and of the circuit court and remanded the cause to the circuit court. It is not clear from the opinion of this court whether there was or was not a stipulated defense. There is, however, an inference that there was not, because this court relied upon its opinion in *People v. Smith* (1973), 16 Ill.App.3d 100, 305 N.E.2d 714, in which case defendant presented no defense whatever. By inference, therefore, *Cruz* classifies as a "no defense" case.

In *Smith*, the stipulation included a conclusional stipulation that the stipulated specific facts were legally sufficient to find the defendant guilty of the offense charged beyond a reasonable doubt. Defense counsel merely rested, so that no defense was presented. Our supreme court observed that the stipulation was designed to establish guilt beyond a reasonable doubt, and held that, since the circumstances indicated that calculated efforts had been made which amounted to the entry of a plea of guilty, the defendant was entitled to compliance with Supreme Court Rule 402. It is clear, therefore, that *Smith* is a "no defense" case.

In *Ries*, the defendant was charged in three indictments with the offenses of robbery, armed robbery, and robbery respectively; the defendant pleaded not guilty to each indictment. A pretrial conference was had in which it developed that the defendant maintained that he was not guilty but would be willing to plead guilty if no "prison time" was involved. At trial, the defendant asked his counsel to withdraw his pleas of not guilty and to enter pleas of guilty to each of the three charges. The trial judge suggested instead that the defendant persist in his pleas of not guilty, waive a jury, and then stipulate to the State's evidence; thereupon, the court would hear the defendant's defense and any additional State's evidence, and then decide the matters. The trial court explained the procedure to the defendant, who agreed to it. The State's evidence in respect to each of the first two indictments was then stipulated. Thereupon, the trial court asked the defendant if he wished to say anything. The defendant merely denied some of the facts to which he had already stipulated. The State then called a police officer to give additional evidence as to the first indictment; there was no cross-examination. The trial court thereupon found the defendant guilty of robbery under the first indictment, guilty of the lesser included offense of robbery under the second indictment, and not guilty of robbery under the third indictment. On appeal, the defendant contended that the stipulated bench

trial procedure used in his case was tantamount to the entry of a plea of guilty to each of the first two indictments, so as to entitle him to be admonished pursuant to Supreme Court Rule 402. This court, citing *Stepheny* and *Smith,* sustained the defendant's contention. The court noted that the stipulation did not recite that there was any dispute as to the stipulated facts constituting the State's evidence, so that the "defense" of mere denial of one or more facts to which the defendant had already stipulated was in reality no defense whatever. Moreover, defense counsel's conduct constituted a tacit admission by him that he considered the procedure tantamount to the entry of a plea of guilty to each of the first two indictments. It is clear, therefore, that *Ries* classifies as a "no defense" case or, at best, as a "purported defense" case. The *Ries* opinion distinguished the case of *People v. Young;* we will refer to the distinction after we have discussed that case in the second following paragraph.

In summary, then, the four cases cited by defendant are all cases in which there was either no defense whatever or at best a "purported defense" which defense counsel either expressly or tacitly admittd amounted to no defense. Under that circumstance, the stipulated bench trial procedure was held to be tantamount to the entry of a plea of guilty, so that the defendant was entitled to the protection afforded by compliance with Supreme Court Rule 402, which he did not receive.

In *Young* (the case cited by the State), the defendant was indicted for murder, to which charge he pleaded not guilty. There was a conference between the prosecutor and defense counsel in the presence of the trial judge resulting in a proposed agreement which was conditionally accepted by the trial judge. But, when the proposed agreement was communicated to the defendant, the defendant rejected it. The case was set for jury trial. After a continuance, the case came on for trial, whereupon defense counsel informed the trial judge that the defendant had decided to accept the proposed agreement. After the defendant had waived a jury trial, the trial judge reminded the defendant of the terms of the proposed agreement, namely, that if the State's facts proved to be as they had been disclosed to the court in the conference, the court would find the defendant guilty of the lesser included offense of voluntary manslaughter and would sentence the defendant to a term of 5 to 15 years. Defense counsel then said that, on the plea of not guilty to the charge of murder, he would stipulate to the facts which the State had disclosed to the court in the conference. The trial judge then asked the defendant if he was willing so to proceed, and the defendant agreed to do so. It developed, however, that the total stipulation which the parties actually presented to the trial judge covered not only the State's evidence which had been disclosed to the trial judge in the conference, but also the

testimony of the defendant in support of a defense of self-defense plus the corroborative testimony of a police officer. The conditionally accepted trial court's finding had been predicated solely on the stipulated State's evidence and did not refer at all to any stipulated defense. On the total stipulation, the trial court then found the defendant guilty of the lesser included offense of voluntary manslaughter and sentenced him to a term of 5 to 15 years. On appeal, the defendant contended that the stipulated bench trial procedure used in his case was tantamount to the entry of a plea of guilty to the offense of voluntary manslaughter so that the defendant was entitled to compliance with Supreme Court Rule 402. This court, distinguishing *Stepheny* and *Smith,* rejected the defendant's contention. The opinion noted that the defendant had refused to plead guilty to either murder or voluntary manslaughter because he wished to preserve his defense of self-defense. He also wished, however, to receive the benefits of the proposed conference agreement. He was able to achieve both these results when the State, in effect, stipulated to the defense testimony. Since a guilty plea is a waiver of any and all defenses and since the defendant did not waive his defense of self-defense, the stipulated bench trial procedure used in the case did not amount to the entry of a plea of guilty.

It is clear, therefore, that in *Young* there was presented to the trial judge by means of the total stipulation a genuine defense, thereby raising an issue of guilt or innocence for his determination. Nor had his conditional acceptance of the proposed conference agreement predetermined that issue, because the conditional acceptance had been predicated solely on the stipulated State's case-in-chief without any reference to a defense supported by defense testimony introduced by stipulation or otherwise.

■■ The distinction which emerges from our analysis of the cited cases is as follows:

(1) Where, in a stipulated bench trial proceeding on a plea of not guilty, there is presented either no defense whatever or, at most, merely a purported or sham defense, the proceeding is tantamount to the entry of a plea of guilty and there must be compliance with Supreme Court Rule 402;

(2) But where, in a stipulated bench trial proceeding on a plea of not guilty, there is presented a genuine defense with testimony in support thereof introduced by way of stipulation or otherwise (which testimony does not consist of a mere denial of facts in the State's case-in-chief, to which facts defendant has already stipulated), the proceeding is not tantamount to the entry of a plea of guilty to any offense and no compliance with Supreme Court Rule 402 is called for.

We think that the accuracy of this distinction is confirmed by that portion of the opinion in *Ries* which distinguishes *Young*. The *Ries* opinion pointed out that, in *Young*, the defendant continued to maintain the defense of self-defense and the stipulation extended to the defense testimony in support of that defense, whereas in *Ries* the stipulation covered only facts calculated to result in a finding of guilt beyond a reasonable doubt, without any indication of any dispute in respect of any of the stipulated facts.

The distinction which we have formulated is readily applicable to the instant case. The State's case-in-chief, to which defendant stipulated, contained facts which circumstantially supported the charge of arson, including the essential element of the intentional setting of the fire and thereby the knowing damage to the apartment; but there was no stipulation of the essential fact itself that defendant had intentionally or "knowingly" set the fire. On the contrary, while defendant was willing to stipulate that to his knowledge he had in fact set the fire, he insisted that he had not done so intentionally, or "knowingly" in the sense of intentionally, but rather that his setting of the fire was an accident and that he had not actually meant to set the fire at the time when in fact he had done so. His testimony in support of that defense consisted of his unsworn statement to that effect in open court in the colloquy preceding the ultimate recourse to the stipulated bench trial proceeding. The State did not object to this method of introducing "testimony" in support of the defense, nor did the State make any further response thereto. In effect, the State stipulated to the defense "testimony" supporting the defense of accident or lack of specific intent. The case was tendered to the trial judge in this posture for his determination of the issue of guilt or innocence. We think that there was a genuine defense of accident or lack of specific intent, supported by defense "testimony" which did not simply deny facts to which the defendant had already stipulated. The trial judge had before him for determination a genuine issue of guilt or innocence, as to which no stipulation existed. We conclude that the instant case is analogous to the *Young* case and we hold that the stipulated bench trial proceeding involved here, by reason of the retained genuine defense, was not tantamount to the entry of a plea of guilty to the charge of arson, for which reason there was no occasion to comply with Supreme Court Rule 402.

The second contention of defendant on this appeal is that the State's stipulated evidence was insufficient to prove him guilty beyond a reasonable doubt. In view of the defense presented, defendant is focusing on the essential element of "knowingly" or intentionally damaging the apartment by setting fire to it. Referring to section 20—1 of the Criminal Code

(Ill. Rev. Stat. 1965, ch. 38, par. 20—1), defining arson (which definition in relevant substance is the same as the statutory definition involved in the instant case), our supreme court said in *People v. Shelton* (1969), 42 Ill.2d 490, 494, 248 N.E.2d 65:

> "This statute repeatedly uses the word 'knowingly,' and intent has been deemed an essential element of the crime of arson and the burning of buildings. *People v. Alward*, 354 Ill. 357; *Mai v. People*, 224 Ill. 414; *People v. Pearson*, 74 Ill.App.2d 400, 403, 405."

On this issue, then defendant's contention is that the stipulated testimony comprising the State's case-in-chief fails to rebut defendant's testimony that his setting of the fire was an accident.

Part of the stipulated testimony for the State consisted of the testimony of one Clyde Nulley who would testify that he spoke with defendant in Providentia Henry's apartment at about 9:30 p.m. on the night of 10 August 1972, and that defendant then said that, if he did not receive money from Providentia Henry, he would burn the place down. The stipulated testimony of a police officer was that he arrived on the scene at about 10 p.m. on that night and observed a fire in progress in Providentia Henry's apartment; immediately after the fire, he smelled gasoline fumes in the apartment and found therein a partly full can of gasoline. It is further stipulated that, shortly after the fire, defendant entered a hospital under an assumed name for treatment of burns on his hands; and defendant told an assistant State's Attorney that he had suffered the burns on his hands when he set the fire in the apartment.

■■ The testimony of Nulley establishes an intent on the part of defendant to do precisely what he admits and knows he actually did less than a half-hour later. It is a reasonable inference that this intent, established by Nulley's stipulated testimony, persisted throughout the brief intervening period of time and existed at the time defendant actually set the fire. (*People v. Johnson* (1972), 3 Ill.App.3d 492, 279 N.E.2d 171 (abstract opinion).) The circumstantial evidence plus defendant's own statement as to when and how he suffered the burns on his hands supports an inference that defendant set the fire by means of igniting gasoline. Such an act cannot be performed unless it is done knowingly. (*People v. Shelton.*) Defendant's testimony that his actual setting of the fire was accidental created a conflict in the evidence as to one essential element of the offense charged, and the resolution of that conflict was a matter for the trial judge to determine. The absence in defendant's testimony of any specific details supporting the accidental nature of the setting of the fire is a factor which is relevant both as to the weight of his testimony and as to his credibility. We conclude that there was evidence of intent and knowing damage in the State's stipulated case-in-

chief, and that the credibility of defendant in denying intent at the time he set the fire was a matter for the determination of the trial judge.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.


SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING.

Mr. JUSTICE HAYES delivered the opinion of the court:

In the instant petition for rehearing, petitioner confuses two different types of stipulations: a stipulation as to the admission of certain testimony into the trial evidence and a stipulation as to the existence or truth of certain substantive or procedural facts. The first type of stipulation commonly relates to the testimony which a specified witness would give, if called; that testimony, by the stipulation, is then regarded as having been given by the witness in the trial or hearing, even though in fact the witness was not called. Such a stipulation does not extend to the matter of the truth of the said testimony. The second type of stipulation does relate to the truth or existence of the facts stipulated. See *United States v. Bates* (7th Cir. 1969), 407 F.2d 590.

In the instant case, there was a stipulation as to the truth or existence of three facts: (1) that the Chicago Housing Authority (the owner of the apartment in which the fire was set) had not given anyone permission to set the fire in the apartment; (2) that the age of defendant was 34; (3) that venue properly lay in Cook County. No issue has been raised by petitioner as to this stipulation.

■■ The stipulation as to which petitioner is confused was a stipulation: (1) as to the testimony which would be given by five State witnesses, if called; and (2) as to the testimony which would be given by defendant if called. The effect of this stipulation was to place the said testimony in the trial evidence, even though none of the witnesses was in fact called. It was this testimony which raised the issue of whether defendant had set the fire intentionally or unintentionally (*i.e.*, accidentally) and which required a judicial determination of that issue by the trial judge in the bench trial for arson on a plea of not guilty.

■■ Petitioner's second contention in this petition for rehearing is that petitioner's trial defense that he set the fire accidentally and not intentionally cannot be said to be a genuine, rather than a sham, defense in the absence of any specific supporting details. In our opinion, a defense

which puts at issue an essential element of the offense charged is no less real for being unsupported by specific details. The absence of specific supporting details goes to the weight to be accorded the defense and not to the matter of whether the defense is a real defense or a mere sham defense within the distinction which we discerned in our survey of the Illinois cases. The defense offered here, without contradicting any of the facts in the stipulated testimony of the State's witnesses (as was done in *People v. Ries* (1975), 28 Ill.App.3d 698, 329 N.E.2d 243), clearly challenged the legal sufficiency of the State's evidence as to intent, and raised an issue as to intent which required a judicial determination by the trial judge in the bench trial. The mere "conclusional" nature of such a defense does not make the defense any the less real.

Finally, petitioner asks us to hold that *People v. Young* (1974), 25 Ill.App.3d 629, 323 N.E.2d 788, was wrongly decided. We decline to do so because we agree with that decision.

For the foregoing reasons, the petition for rehearing is denied.

Petition denied.

DOWNING, P. J., and STAMOS, J., concur.