THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDMUND L. BURNS, Defendant-Appellant.

Second District   No. 2—91—0179

Opinion filed December 31, 1992.—Rehearing denied February 16, 1993.

Josette Skelnik, of Law Offices of Josette Skelnik, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Edmund Burns, was convicted of reckless homicide (Ill. Rev. Stat. 1989, ch. 38, par. 9—3(a)) and driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)) after a stipulated bench trial. The trial court sentenced him to concurrent 3½- and 3-year terms of imprisonment. Defendant appeals, contending that the stipulated bench trial was tantamount to a guilty plea without the benefit of Supreme Court Rule 402 admonishments (134 Ill. 2d R. 402). Defendant further contends that the court erred in imposing sentence when it considered an improper aggravating factor and failed to consider mitigating evidence.

On April 13, 1990, defendant was involved in an automobile collision which resulted in the death of Jacqueline Iton. Her husband, Lennox Iton, and their two sons, Blair and Kyle, were injured in the accident.

The parties stipulated to the testimony of several witnesses. Defendant went drinking with friends, beginning at about 3:45 p.m. on April 13. He had a number of beers during that time. At about 7:30 p.m., a number of witnesses observed defendant "driving all over the road" on southbound Route 83 near 47th Street. He got into a

verbal altercation with another driver, and drove away at a speed es-timated at about 70 miles per hour. He was driving faster than other vehicles on the road and weaving in and out of lanes. Shortly thereaf-ter, he lost control of his car, crossed into the northbound lanes, and collided with the Itons' car.

Jacqueline Iton was pronounced dead at Loyola Medical Center. Lennox Iton and Blair Iton both suffered severe injuries. Three-year-old Kyle Iton was treated and released.

A police officer would testify that when he arrived at the scene defendant had a strong odor of alcohol on his breath, his eyes were glassy and bloodshot, his speech was slurred, and he told the officer that he had been out drinking with friends. Five hours after the acci-dent, defendant's blood-alcohol content was .119.

On May 18, 1990, a grand jury in Du Page County indicted defendant on one count of reckless homicide and six counts of driving under the influence of alcohol resulting in great bodily injury. On July 11, defendant filed a motion to suppress evidence and a motion *in limine*. The record does not reflect any ruling on these motions.

The matter came on for status on September 11, and the court or-dered preparation of a preplea report. On November 14, the court en-tered an order continuing the cause "for plea and sentencing." The order actually reads "for plea or setting for trial and sentencing," but the words "or setting for trial" are lined out.

On December 6, the court continued the cause "for plea" to De-cember 12. Defense counsel advised the court that defendant wished to waive a jury trial and proceed on a stipulated bench trial. On De-cember 12, the prosecutor read the stipulated evidence as outlined above. Defendant presented no evidence or closing argument. The court found defendant guilty of reckless homicide and two counts of driving under the influence and dismissed the remaining counts. The court continued the cause for sentencing.

At the sentencing hearing, the parties stipulated that the preplea report would be considered the presentence report. After considering the report and the evidence in aggravation and mitigation, the court sentenced defendant to 3½ years' imprisonment for reckless homicide and a concurrent 3-year term for driving under the influence. The court denied defendant's motion to reconsider sentence, and defend-ant timely appealed.

■ Defendant's first contention on appeal is that the stipulated bench trial was tantamount to a guilty plea, but the court failed to ad-monish him pursuant to Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)). Under some circumstances, a stipulated bench trial may be

deemed the functional equivalent of a guilty plea. In *People v. Horton* (1991), 143 Ill. 2d 11, 22, the supreme court adopted the rule that a stipulated bench trial is not tantamount to a guilty plea where the defendant presents and preserves a defense. The court noted that the stipulated bench trial procedure allows a defendant to obtain the benefits and conveniences of a guilty plea proceeding while avoiding the waiver rule usually applicable to that process. (*Horton*, 143 Ill. 2d at 22, citing, *e.g., People v. Sullivan* (1979), 72 Ill. App. 3d 533.) Where, on the other hand, defendant does not preserve a defense, the proceeding is tantamount to a guilty plea, and the court must admonish defendant in compliance with Rule 402(a). *Horton*, 143 Ill. 2d at 22; *People v. Ries* (1975), 28 Ill. App. 3d 698, 700.

■ Defendant contends that *Horton* controls this case. He points out that defense counsel filed a motion to suppress evidence and a motion *in limine*, but failed to pursue them to ruling. Orders which the court entered stated that the matter was being continued "for plea." At "trial" defendant did not present evidence or closing argument.

In response, the State concedes that defendant failed to preserve a defense for appeal. The State cites *Horton*, and simply states that it does not govern this case, but fails to distinguish it.

We conclude that this case is controlled by *Horton* and that the court should have admonished defendant pursuant to Rule 402. His conviction must be reversed, and the cause remanded for further proceedings. We note that the evidence presented was sufficient to establish defendant's guilt beyond a reasonable doubt. Thus, there is no double jeopardy concern. (See *People v. Taylor* (1979), 76 Ill. 2d 289, 309.) Because of our disposition of this issue, it is unnecessary to consider defendant's remaining contention.

Reversed and remanded.

GEIGER and DOYLE, JJ., concur.