THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRION O. FOOTE, Defendant-Appellant.

Second District   No. 2—07—0132

Opinion filed April 22, 2009.

Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip J. Nicolosi, State's Attorney, of Rockford (Robert J. Biderman and Kathy Shepard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BURKE delivered the opinion of the court:

Defendant, Darrion O. Foote, was charged with aggravated battery (720 ILCS 5/12—4(b)(6) (West 2002)). Following a stipulated bench trial, he was found guilty and sentenced to eight years' imprisonment to be served consecutive to a six-year term imposed for a separate conviction of armed robbery. He appeals the aggravated battery conviction, arguing that his stipulated bench trial was tantamount to a guilty plea and that the trial court erred by failing to give the necessary admonishments required by Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)). We affirm.

FACTS

Two charges of aggravated battery arose while defendant was in the Winnebago County jail awaiting trial for armed robbery. The first

charge, filed by complaint under case No. 03—CF—3185 (3185), alleged that on October 31, 2003, defendant caused great bodily harm to Winnebago County corrections officer James Kidd in that defendant, knowing Kidd to be a peace officer engaged in the execution of his official duties, grabbed Kidd by his uniform shirt, headbutted Kidd, and spat in Kidd's face and eyes, causing harm to Kidd. The second charge, filed by indictment under the same case number (3185), alleged that, on the same day as the incident with Kidd, defendant knowingly made physical contact of an insulting or provoking nature with Winnebago County corrections officer Jonathan Schwarz in that he struck Schwarz in the face, knowing Schwarz to be a correctional institution officer engaged in the performance of his authorized duties. The case involving Kidd was later filed by a separate indictment, under case No. 03—CF—3216 (3216). Although the two aggravated battery charges were discussed in the present case, the outcome of 3216 is not part of this appeal.

The State elected to proceed first in 3216. Defendant, who at the time represented himself, agreed to proceed, and the court set a jury trial for November 2004. However, at a pretrial hearing on November 10, the State announced that it could not proceed in 3216 because Kidd was in Iraq and was unavailable as a witness. The trial court allowed the State to proceed instead in 3185, but granted defendant a continuance since he was not ready for trial.

At the same hearing, defendant requested a Rule 402 conference. The State related that its offer would be "consecutive D.O.C. on each of the charges." At a hearing on February 11, 2005, the trial court denied defendant's motion to join 3216 and 3185, on the ground that Kidd remained in Iraq. On April 6, attorney David Caulk was appointed as defendant's counsel over the State's objection that defendant had asked to represent himself and had been appointed four different attorneys, all of whom had to withdraw after defendant threatened and created conflicts with them. At a hearing on December 29, over the State's objection, the trial court granted defendant's motion to proceed *pro se*.

On January 25, 2006, on defendant's motion, the trial court appointed attorney Gregory Clark as standby counsel. Thereafter, on March 31, 2006, defendant waived jury trial. Defendant signed the waiver form after reading it aloud and hearing the trial court's admonitions.

Before bench trial began on May 9, 2006, the court and the parties agreed to hold a Rule 402 conference on the record in open court. Defendant proposed to plead guilty in return for a sentence that the State proved unwilling to offer. Representations made during the Rule

402 conference later became the basis for a stipulated bench trial. The following colloquy occurred:

"DEFENDANT: As far as the 402, as far as I guess the case number 3185, I think the premise of all these problems, my actions were not justified, but I believe I was strongly provoked by Officer Kidd. If not for Officer Kidd in the equation, none of these problems would have occurred. I think it's—I approached the Court like six, seven months prior to these incidents occurring, informed the Court that this particular officer was harassing me, I had approached the administration of the Winnebago County Jail and had informed them that this particular officer was continually harassing me, and on the date in question, he had harassed me numerous times that morning prior to any of these incidents occurring, and although my actions were not justified, I was strongly provoked.

THE COURT: All right. Well, let me note in response to your point, it is well taken that under the law when someone acts under strong provocation, if that is the case, that is a mitigating factor when the Court decides the sentence. It does not excuse your behavior, as you just said, but it is a reason for the Court to be more lenient because of the strong provocation. So that is a factor the Court will consider. That's all I can tell you at this point, 'cause I don't know anything about the case really other than what you've just said."

The State then recited the basic facts of the case. The alleged offense appeared to be retaliation for the prior altercation with Kidd. On the afternoon of October 31, 2003, while defendant was in an observational holding cell at the jail, Schwarz and Officer Schiro brought defendant's personal effects and a mattress into the cell. The incident was recorded by the jail's surveillance video. When Schwarz, whose hands were occupied carrying the mattress, entered the cell, defendant punched him in the face. The officer was knocked backwards and he started bleeding. His eye swelled and he sought medical treatment. However, he did not suffer lasting damage. The State further reported that the attack was unprovoked.

The State told the court that there had been an altercation between defendant and Kidd earlier that same day and that there had been an ongoing problem between them. Schwarz had come to Kidd's aid. Later that day, about two hours before the incident charged in the present case, defendant threw a yellow liquid on Kidd.

The trial court gave defendant an opportunity to consult with standby counsel. After some discussion of plea offers and defendant's other pending cases, the court told defendant that he had a right to a trial to confront the witnesses against him and that, if he could not establish a defense that justified his conduct, he could consider a plea

of guilty and present evidence at a hearing on sentencing. The parties further discussed a plea. The prosecutor stated that she would dismiss other charges in exchange for guilty pleas in 3185 and 3216, but the parties could not come to an agreement.

The trial court then asked defendant how he wanted to proceed. Defendant replied that he would agree to a stipulated bench trial. The court responded: "Okay. And then so you will—rather than have testimony, you are going to stipulate as to what the facts would show?" Defendant stated that he would stipulate to the facts of the grand jury transcripts. The following conversation then ensued:

"THE COURT: Then if you stipulate as to the facts—

DEFENDANT: Yes.

THE COURT: —and the judge decides whether there is sufficient evidence based on the facts as stipulated, there would be a finding of guilty.

DEFENDANT: Yes.

THE COURT: And then if there is a finding of guilty, then there would be a sentencing hearing on the 3185.

DEFENDANT: Yes."

Defendant agreed that this was what he wanted to do. The trial judge continued:

"THE COURT: All right. The defendant is willing to agree to a stipulation of facts. Now, let me say he is not stipulating that the facts are sufficient for a finding of guilty but only stipulating as to what the facts of the case would be."

The State then asked to include in the stipulation the videotape of the incident and a foundation for it. Defendant agreed after consulting with standby counsel.

The judge continued: "Okay. And then based on that, you understand the Court will rule, from what I have heard and what I have seen, either there is [sic] not enough facts to find you guilty or I will find that you should be found guilty, and then we will set it for sentencing hearing." Defendant agreed, and he also agreed that he had seen the video. He told the trial court that he had nothing to add to what had been said. Thereafter, the trial court found defendant guilty of aggravated battery, noting that defendant had failed to establish a defense. The trial court did not admonish defendant pursuant to Rule 402(a).

Immediately after the finding of guilty, defendant filed what the trial court described as "a Motion for Directed Verdict on the case just heard, arguing that the facts are insufficient, the evidence is insufficient to support a finding of guilty and ask[ing] for a directed verdict or vacating the verdict entered by the Court." The court stated that

the motion also applied to 3216 and that this was premature since the court had not yet heard the case. Defendant asserted that the court had ordered joinder of the two cases on February 11, 2005. The court promptly denied the motion as to 3185 but took the matter under advisement regarding 3216. On May 31, 2006, the trial court denied the motion as to 3216, noting that there had been no joinder of the two cases.

Before sentencing, defendant requested appointment of counsel, and the court appointed Clark, who had been defendant's standby counsel. Following the sentencing hearing, the court found defendant eligible for an extended term based, in part, on his past convictions, and sentenced defendant to eight years' imprisonment, to be served consecutive to the sentence for armed robbery. On July 5, 2006, defendant filed *pro se* a motion for a new trial, a notice of appeal, and a motion for reconsideration of the sentence. On July 10, 2006, defense counsel filed a motion for reconsideration of the sentence.

On July 19, 2006, defense counsel requested that the *pro se* notice of appeal be stricken as premature and the court granted the request. The court also granted counsel's motion to withdraw as counsel since one of the *pro se* motions had alleged his ineffectiveness. Defendant requested appointment of new counsel. The court appointed attorney David Carter to replace Clark. The trial court ultimately dismissed the motion for a new trial as untimely because it was filed more than 30 days after trial, and the court allowed new counsel to adopt defendant's former counsel's motion for reconsideration of the sentence, which had been timely filed.

Thereafter, on January 29, 2007, the trial court denied the motion for reconsideration of the sentence. A notice of appeal was filed on February 2, 2007. An amended notice of appeal was filed February 12, 2007.

## ANALYSIS

On appeal, defendant contends that his conviction must be reversed because his stipulated bench trial was tantamount to a plea of guilty, thus requiring the trial court to admonish him pursuant to Rule 402(a). The State initially contends that defendant's posttrial motion asserting this claim was untimely filed and therefore defendant has forfeited his claim. Defendant acknowledges forfeiture but requests that we review his claim under the plain-error doctrine.

The plain-error doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error where either the evidence is close or the error is serious. *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005). In deciding whether the plain error doctrine ap-

plies, a reviewing court first determines if there was error. *Herron*, 215 Ill. 2d at 187. Therefore, assuming, without deciding, that the plain-error rule may be applied to the claimed error in the proceeding here, we shall examine the record of the stipulated hearing to determine whether an error, in fact, did occur. See *People v. Bosworth*, 160 Ill. App. 3d 714, 717-20 (1987) (defendant's failure to raise issue concerning factual basis for his guilty plea did not preclude this court from reviewing issue and thereafter affirming the trial court on the basis that no error occurred).

Rule 402(a) provides in part:

> "In hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict, there must be substantial compliance with the following:
>
> (a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following[.]" 177 Ill. 2d R. 402(a).

The rule continues with a list of admonitions a defendant must be given, including, but not limited to, the nature of the charge, the minimum and maximum penalties prescribed by law, and, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences. 177 Ill. 2d R. 402(a).

If a stipulated bench trial is tantamount to a guilty plea, the trial court must admonish the defendant pursuant to Rule 402(a). *People v. Mitchell*, 353 Ill. App. 3d 838, 844 (2004); *People v. Westerfield*, 245 Ill. App. 3d 398, 400 (1993). Whether a stipulated bench trial was tantamount to a guilty plea is a question of law, which this court reviews *de novo*. *Mitchell*, 353 Ill. App. 3d at 844; *People v. Bagnell*, 348 Ill. App. 3d 322, 325 (2004).

Defendant contends that his stipulated bench trial was tantamount to a plea of guilty because, though he did not expressly stipulate that the evidence was sufficient for a finding of guilty, he failed to present or preserve a defense. Defendant (as well as the State) cites case law that does not quite reflect the current state of the law.

Previously, *People v. Horton*, 143 Ill. 2d 11, 22 (1991), provided the seminal law regarding when a stipulated bench trial is tantamount to a guilty plea and when Rule 402(a) admonishments are required. *Horton* involved two stipulated bench trials. Based on the facts of the first stipulated bench trial, the supreme court adopted the rule that a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense. *Horton*, 143 Ill. 2d at 22. With respect to the facts of the second stipulated bench trial, the

supreme court held that, even though the defendant presented and preserved a defense, if the defendant stipulated to the sufficiency of the evidence to convict, the defendant must be afforded the protections set forth by Rule 402(a). *Horton*, 143 Ill. 2d at 22. However, the law regarding when a stipulated bench trial is tantamount to a guilty plea has been further clarified by the supreme court in *People v. Campbell*, 208 Ill. 2d 203 (2003).

In *Campbell*, the supreme court addressed the ability of defense counsel to waive a defendant's sixth amendment right of confrontation by stipulating to the admission of evidence at trial. Although *Campbell* does not involve precisely the same fact scenario as the present case, the rule nevertheless is relevant to the issue of stipulated evidence and the necessity for Rule 402(a) admonishments. The *Campbell* rule reflects the rule from *Horton* and other cases, listing the circumstances under which a stipulated bench trial will constitute a guilty plea. It provides:

> "[W]hen the State's entire case is to be presented by stipulation *and* the defendant does not present or preserve a defense (see *People v. Horton*, 143 Ill. 2d 11, 22 (1991) ('a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense')), *or* where the stipulation includes a statement that the evidence is sufficient to convict the defendant, the stipulation implicates fundamental due process concerns and can only be waived by the defendant personally." (Emphasis added.) *Campbell*, 208 Ill. 2d at 218.

Applying the rule enunciated in *Campbell*, we must reject defendant's contention. First, we find that the stipulation did not include an express statement that the evidence was sufficient to convict. Both defendant and the trial court repeatedly stated that the parties were stipulating only to the evidence, and the court emphasized that defendant was not stipulating that the facts were sufficient for a finding of guilty. Moreover, defendant agreed that the trial judge would decide whether there would be a finding of guilty. See *People v. Torres*, 279 Ill. App. 3d 599, 601 (1996) (where, although case on appeal turned on whether defense counsel stipulated to the sufficiency of the evidence to convict, the defendant also preserved his right to challenge the trial court's denial of his motion to suppress).

Second, although the State's entire case was presented by stipulation, we find that defendant presented and preserved a defense. Defendant's allegation of provocation, which was presented at the Rule 402 conference, was not re-argued at trial or following trial. Moreover, he was instructed by the trial court that provocation would not excuse his behavior. However, defendant filed a motion for a

"directed verdict" immediately after the finding of guilty, alleging, albeit in a conclusory statement, that the evidence was insufficient to support a finding of guilty. While the insufficiency-of-the-evidence statement lacked specificity, defendant's challenge signified his continued intent not to plead guilty. That his preserved defense lacked specificity should not make defendant's challenge any less meaningful. See *People v. Russ*, 31 Ill. App. 3d 385, 389 (1975); *People v. Ries*, 28 Ill. App. 3d 698, 700-01 (1975).

Defendant relies on *People v. Burns*, 239 Ill. App. 3d 169 (1992), to support his argument that Rule 402(a) admonitions were required because he did not present and preserve a defense. However, given the development of the law since *Burns*, we find defendant's reliance on *Burns* misguided.

The parties do not cite *Campbell*, and neither *Horton* nor *Burns* portrays the full extent of the *Campbell* rule. *Campbell* teaches that, if the stipulation "includes a statement that the evidence is sufficient to convict the defendant," then Rule 402(a) admonitions are required regardless of whether a defense was presented and preserved. *Campbell*, 208 Ill. 2d at 218; see *People v. Fish*, 316 Ill. App. 3d 795, 798 (2000) (wherein the court notably portended that the true holding of *Horton* is that, despite the presentation and preservation of a defense, a trial is tantamount to a guilty plea if the defendant's stipulation includes a concession that the State's evidence is sufficient to convict him). In *Horton*, the defendant presented and preserved a defense but the supreme court held that Rule 402(a) admonitions were required because defense counsel stipulated during the second trial that the evidence was sufficient to convict him. *Horton*, 143 Ill. 2d at 22. Thus, although the correct result was reached in *Horton*, contrary to the rule that *Horton* applied to the first trial, a trial by stipulation wherein a defense is presented and preserved *is* tantamount to a guilty plea if the defendant stipulates that the evidence is sufficient to convict.

While the correct result also was reached in *Burns*, because the State's entire case was presented by stipulation and the defendant did not present and preserve a defense (*Burns*, 239 Ill. App. 3d at 172), we did not add the provision that the State's entire case must be presented by stipulation. In *Burns*, the State agreed that the defendant did not preserve a defense (*Burns*, 239 Ill. App. 3d at 172) whereas, in the present case, the State argues and we agree that a sufficiency-of-the-evidence defense was preserved.

Defendant last raises an argument regarding his alleged confusion over matters such as a joinder issue, a mistake between the battery cases involving Schwarz and Kidd, whether his sentence would be mandatorily consecutive to the sentence for the armed robbery for

which he was awaiting trial, and mandatory supervised release. He appears to assert that his confusion is proof of the need for Rule 402(a) admonishments. While we do not find on the record before us that defendant was confused, defendant's argument places the cart before the horse. Unless a stipulated bench trial is tantamount to a guilty plea, the trial court need not admonish a defendant pursuant to Rule 402(a). Because defendant's stipulated bench trial was not tantamount to a guilty plea, the trial court did not need to admonish him. Therefore, even if defendant was confused, his argument is irrelevant.

We conclude that, even though the State's entire case was presented by stipulation, because defendant did not stipulate that the evidence was sufficient to convict him and he presented and preserved a defense, his stipulated bench trial was not tantamount to a guilty plea, and the trial court was not required to admonish him under Rule 402(a). Therefore, the trial court did not err by failing to admonish defendant pursuant to Rule 402(a). Because we find that the trial court did not err, the doctrine of plain error is not invoked in this case.

Before closing, we wish to eliminate the confusion and misunderstanding that a stipulated bench trial creates. We had the benefit of hindsight in evaluating this case since we could check the entire record. However, a trial court does not have this vantage point and cannot predict at the outset of the proceeding whether a defendant will preserve a defense at trial or in a posttrial motion. Accordingly, we urge trial courts to control these proceedings from the beginning and clearly establish whether a proceeding is a guilty plea or a stipulated bench trial. If the trial court is conducting a stipulated bench trial, the judge should elicit from the accused that he is presenting and preserving a defense and that he is not stipulating that the evidence is sufficient to convict. The failure to establish either of these factors would render a would-be stipulated bench trial tantamount to a guilty plea.

For these reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

O'MALLEY and JORGENSEN, JJ., concur.