**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180686-U

Order filed March 18, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0686 Circuit No. 13-CF-208 |
| | ) | |
| JAMES R. VOLLMAR, | ) ) | The Honorable Carla Alessio Policandriotes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   (1) Trial counsel was not ineffective in representing defendant prior to and during stipulated bench trial proceedings.
        (2) Stipulated bench trial was not tantamount to a guilty plea, and, therefore, trial court was not required to admonish defendant regarding plea.

¶ 2     Defendant, James R. Vollmar, was charged with five counts of aggravated possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2012)).  Following a stipulated bench trial, he was found guilty of one count and sentenced to two years' probation.  He appeals, arguing that counsel was ineffective prior to trial, in failing to file a motion to quash his arrest, and during trial,

in stipulating to his guilt and failing to preserve a defense and bar witness testimony. He also claims that the trial court failed to give the required admonishments under Illinois Supreme Court Rule 402 (eff. July 1, 2012). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4         On January 24, 2013, officers executed a search warrant of defendant's home in Bolingbrook. After investigators analyzed defendant's computer, he was charged by indictment with five counts of aggravated possession of child pornography.

¶ 5         Defendant filed a motion to suppress statements he gave to officers following his arrest. At the motion to suppress hearing, defense counsel argued that defendant's statements were not voluntary. Detective Don Draksler testified that when officers arrived at defendant's residence to execute a search warrant, defendant was not home. They encountered William Duggan, who informed them that defendant was at work. Draksler asked Duggan to call defendant. He did, and defendant returned home at his request. Officers arrested defendant as he exited the vehicle and escorted him inside. Draksler interviewed defendant in the basement of the residence. He read defendant the *Miranda* warnings and defendant signed the waiver of rights form. Defendant then admitted that the computer was his and that he had downloaded the images that were in the file that investigators had logged onto from his Internet Protocol (IP) address. He also admitted that he saw three of the five images captured from the IP address. Defendant then told investigators where the file folder containing the unlawful images was located on his computer.

¶ 6         Defendant called Duggan and testified himself. Both witnesses claimed that defendant was forced into the basement by several detectives and that some of the officers were holding assault rifles. Defendant claimed that he was held against his will for more than 4 hours. He testified that he had an anxiety attack during the interview and that he informed the investigators that he was

2

feeling uncomfortable.  He stated that he asked to use the restroom and for a drink of water, but his requests were ignored.  He also maintained that he requested an attorney, and one was not provided.

¶ 7     In rebuttal, Special Investigator Megan Brooks of the Will County State's Attorney's Office testified that defendant was read his *Miranda* rights and signed the waiver form before he admitted to possessing the files found on his computer.  She stated that the interview lasted approximately 20 minutes and that, although defendant seemed nervous, he was talkative and spoke with investigators freely.  She further stated that defendant appeared to understand the questions he was being asked and that he did not request an attorney.

¶ 8     At the conclusion of the witness's testimony, the trial court denied the motion to suppress, finding that defendant was arrested when he exited his vehicle and that he made a voluntary statement after Draksler gave him *Miranda* warnings.  Defendant filed a motion to reconsider, which the court also denied.

¶ 9     In March 2018, the State filed a motion to *nolle prosequi* four of the five charges and the parties proceeded to a stipulated bench trial on count 4.  At the beginning of the proceedings, defendant personally waived his right to a jury trial and asked that the case by tried as a stipulated bench trial. The trial court then admonished defendant regarding his decision to waive his right to a jury trial.  Defendant acknowledged those rights and declared that he was waiving them voluntarily.   The trial court accepted defendant's waiver as a knowing and voluntary relinquishment of his constitutional right and proceeded to conduct a stipulated bench trial.

¶ 10     Defendant, his attorney, and the assistant state's attorney signed the written stipulations that were presented to the trial court.  Before the evidence was presented and read into the record, defense counsel stated that the purpose of the stipulated bench trial was to preserve defendant's

3

right to appeal the motion to suppress and motion to reconsider that had been filed and argued by prior counsel. The court then stated:

> "THE COURT: Ok. The State concedes that the manner in which this is proceeding to trial is to preserve [defendant's] rights under that ruling, correct?
>
> MR. FLESZEWSKI [(ASSISTANT STATE'S ATTORNEY)]: Yes.
>
> THE COURT: And that's the purpose of the stipulated bench trial today, is that correct?
>
> MR. NAPOLSKI [(DEFENSE ATTORNEY)]: Yes, ma'am.
>
> THE COURT: Okay. [Defendant], you've heard the communication that I've just made with Mr. Fleszewski and your attorney regarding that prior hearing on the Motion to Suppress your statements.
>
> DEFENDANT: Yes, [Y]our Honor.
>
> THE COURT: Everything that I've indicated and these gentlemen's representations to me are all accurate?
>
> DEFENDANT: I do believe so, [Y]our Honor."

¶ 11    The trial court continued to admonish defendant that even though the matter was proceeding in a stipulated manner, the State was still required to prove defendant guilty beyond a reasonable doubt. The court also reminded defendant that the burden of proof remained with the State throughout the stipulated bench trial and that defendant was not required to prove his innocence. Defendant stated that he understood the court's admonishments and that he wished to proceed with the stipulated trial. Last, the trial court asked defendant if he was satisfied with the representation he had received from trial counsel, and defendant replied that he was satisfied. Following the admonishments, the court found that defendant was fully informed regarding the proceeding and was entering into the stipulated bench trial voluntarily.

4

¶ 12　　The stipulated bench trial commenced immediately with the court's reading of count 4. The court then stated:

> THE COURT:　And the State and defense present four written stipulations suggesting that the contents of the stipulations, the State will be able to meet its burden of proof of by [sic] beyond a reasonable doubt, and the State is requesting that I read these stipulations into the record, am I correct?"
>
> MR. FLESZEWSKI [(ASSISTANT STATE'S ATTORNEY)]:　Yes.
>
> THE COURT:　You also agree?
>
> MR. NAPOLSKI [(DEFENSE COUNSEL)]:　Yes.

¶ 13　　The court read four stipulations, as modified by defendant, into the record. Those stipulations provided that on September 5, 2012, Special Investigator Brooks obtained information that a computer subscribed to Comcast Cable was offering to distribute child pornography and that the cable account was subscribed to defendant at an address in Bolingbrook. Defendant was residing at that address during the investigation. A search warrant was obtained and executed based on that information.

¶ 14　　The parties also stipulated that Detective Draksler would testify that he conducted a search of defendant's residence, that defendant waived his *Miranda* rights, and that he told police officers that he owned the computer that contained the child pornography files. Draksler would also state that defendant informed investigators that he downloaded the files from the internet and that he knew the children depicted in the images were real.

¶ 15　　United States Secret Service Special Agent Jon Lorenzi would testify that he conducted an onsite forensic investigation of defendant's computer tower and discovered 25 videos depicting a child under the age of 13 engaged in an act of sexual penetration or conduct. The videos were in

a folder labeled "c/video/pron[sic]/DPD/myeyes/ remove." Lorenzi would further testify that he subsequently analyzed defendant's computer and created a forensic report detailing the file path of the images, including the file named "PTHC-Vicky high quality-9yo with man," and that he transferred that file to a DVD marked as "People's Exhibit 2."

¶ 16    Following recitation of the stipulations, the trial court found defendant guilty of aggravated possession of child pornography beyond a reasonable doubt. After reviewing the presentencing investigation report and weighing the sentencing factors, the court sentenced defendant to 2 years' probation and ordered him to register as a sex offender.

¶ 17    Defendant, through new counsel, filed a posttrial motion. The trial court denied the motion, and defendant appeals.

¶ 18                                    II. ANALYSIS

¶ 19                        A. Ineffective Assistance of Counsel

¶ 20    Defendant argues that counsel was ineffective for (1) failing to file a motion to quash arrest and suppress evidence, (2) stipulating to the sufficiency of the evidence, and (3) failing to file a motion to bar the stipulated testimony of Brooks and Lorenzi.

¶ 21    We evaluate ineffective assistance of counsel claims under the familiar two-pronged test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under that test, a defendant must demonstrate that counsel's performance was objectively deficient and that the defendant was prejudiced as a result. *People v. Makiel*, 358 Ill. App. 3d 102, 105-06 (2005) (citing *Strickland*, 466 U.S. at 694).

¶ 22    Under the first prong, a review of counsel's performance is made under the strong presumption that his or her actions were the result of sound trial strategy and not incompetence. *People v. Burrows*, 148 Ill. 2d 196, 232-233 (1992). Mistakes in strategy or tactics do not, alone,

6

amount to ineffectiveness of counsel. *People v. Palmer*, 162 Ill. 2d 465, 476 (1994). To meet the second prong of *Strickland*, a defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Nieves*, 192 Ill. 2d 487, 494 (2000).

¶ 23                                 1. *Failing to File a Motion to Quash Arrest*

¶ 24        Defendant contends for the first time on appeal that trial counsel was ineffective for failing to file a motion to quash his arrest. He did not make this argument in the trial court or raise it in his motion for a new trial. Therefore, the issue has been forfeited. See *People v. Herron*, 215 Ill. 2d 167, 175 (2005) (a defendant who fails to make a timely objection and include the issue in a posttrial motion forfeits review of the issue).

¶ 25        Forfeiture aside, the Illinois Supreme Court recently addressed the propriety of declining to consider certain ineffective assistance of counsel claims on direct review. *People v. Veach*, 2017 IL 120649, ¶¶ 31, 39. In *Veach*, our supreme court stated its view that "ineffective assistance of counsel claims may sometimes be better suited to collateral proceedings but only when the record is incomplete or inadequate for resolving the claim." *Id*. ¶ 46. The court instructed reviewing courts to "carefully consider each ineffective assistance of counsel claim on a case-by-case basis" to determine if the circumstances permit us to adequately address a defendant's ineffective assistance of counsel claim on direct appeal. *Id*. ¶ 48; see also *People v. Bew*, 228 Ill. 2d 122, 134-35 (2008). A reviewing court often cannot entertain a claim of ineffective assistance of counsel on direct review when the claimed error was not a focus in the case below. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

¶ 26        Here, meaningful review of defendant's claim cannot be had without a supplemented record. The record before us does not contain sufficient information about the circumstances of

defendant's arrest which would allow us to determine whether he has an arguably meritorious claim, *i.e.* whether counsel was ineffective for failing to file a motion to quash arrest. Because defendant did not seek to quash his arrest and the case proceeded to stipulated bench trial, the State was only concerned with proving that defendant committed the offense of aggravated possession of child pornography. It had no reason to demonstrate the factual basis that gave the officers probable cause to arrest defendant in the first place. Thus, we cannot determine whether counsel's failure to file a motion challenging the arrest was objectively deficient or sound trial strategy. There are simply too many questions that the record does not answer. See *People v. Olinger*, 176 Ill. 2d 326, 363 (1997) (speculation falls short of the demonstration of actual prejudice required by *Strickland*).

¶ 27    For defendant to meet his burden of showing that trial counsel was deficient for the purpose of obtaining relief on an ineffective assistance of counsel claim, defendant must establish a factual basis for his claim. Defendant cannot fulfill that requirement on direct review without consideration of matters outside the record. We therefore decline to address the issue at this time. See *Bew*, 228 Ill. 2d at 135 (noting that defendant may raise alternative grounds for suppression under the Post-Conviction Hearing Act where both defendant and State would have the opportunity to develop a factual record on the issue).

¶ 28                    2. *Stipulating to Defendant's Guilt*

¶ 29    Next, defendant claims that counsel provided ineffective assistance when he stipulated to defendant's guilt.

¶ 30    A stipulated bench trial enables parties to avoid the constraints of the forfeiture rule yet allows them to proceed with the benefits and conveniences of a guilty plea procedure. *People v. Horton*, 143 Ill. 2d 11, 22 (1991). Generally, a stipulated bench trial is tantamount to a guilty plea

8

if the defendant either (1) stipulates that the evidence presented is sufficient to convict, or (2) does not present or preserve a defense. *People v. Campbell*, 208 Ill. 2d 203, 218 (2003).

¶ 31　　　　Here, the record shows that defendant asked for and received a stipulated bench trial. At the hearing on March 12, 2018, defendant personally waived his right to a jury trial and requested a stipulated bench trial. Defendant, his attorney, and the prosecutor signed the written stipulations that were presented to the trial court at the bench trial. The trial court thoroughly questioned defendant to determine whether defendant signed the stipulations, understood the stipulations, and voluntarily and knowingly entered into a stipulated bench trial. During those discussions, neither defendant nor his attorney stipulated that the evidence was sufficient to convict him of the offense of aggravated possession of child pornography. Moreover, defense counsel's acquiescence in the State's request that the court read the stipulations into the record, does not equate to a stipulation that the evidence is sufficient to convict.

¶ 32　　　　A review of the written stipulations leads to the same conclusion. Defense counsel and the State stipulated to what the witnesses would testify to if called at trial. However, the stipulations do not state that the evidence is sufficient to convict. Defendant also argues that trial counsel stipulated to the sufficiency of the evidence when "trial counsel stipulated that [defendant] knowingly made incriminating statements to Detective Draksler." But, again, defendant's statement is not supported by the record. The stipulation states that Detective Draksler would testify that defendant knowingly waived his *Miranda* rights by signing the waiver of rights form. The stipulation also states that defendant informed Draksler that the computer was his and that he downloaded the videos into a secret file on the hard drive. The stipulation does not state that defendant "knowingly" or "voluntarily" made incriminating statements. Defendant confuses

9

stipulating to facts, which defense counsel did, with stipulating to legal conclusions, which did not occur.

¶ 33    Moreover, defendant's counsel preserved a valid defense, the motion to suppress defendant's incriminating statements. Defense counsel acknowledged on more than one occasion that defendant was proceeding to a stipulated bench trial to preserve his right to appeal the motion to suppress that was previously denied. Defendant also agreed, when directly questioned by the court, that the stipulated trial was meant to preserve his right to appeal the motion to suppress his statements.

¶ 34    Defense counsel did not stipulate to the sufficiency of the evidence or fail to preserve a defense. Thus, defendant has failed to show that trial counsel was ineffective under *Campbell*.

¶ 35             3. *Failing to File a Motion to Bar the Testimony of Expert Witnesses*

¶ 36    Last, defendant contends that trial counsel was ineffective for failing to file a motion to bar the testimony of Investigator Brooks and Special Agent Lorenzi. Although defendant failed to raise this claim of ineffective assistance below, the circumstances permit us to adequately address this issue on direct appeal. See *Bew*, 228 Ill. 2d at 134-35.

¶ 37    On appeal, defendant argues that trial counsel should have "moved to suppress the testimony" of Brooks and Lorenzi because the State failed to comply with Supreme Court Rule 412 regarding discovery. In his brief, defendant concedes that the record is silent regarding any reports created by Brooks and abandons his argument that the State committed a discovery violation as to that witness.

¶ 38    He continues to maintain, however, that the State committed a discovery violation by failing to tender a report created by Lorenzi. Defendant cites to the stipulation which states that Lorenzi "generated a forensic report detailing the file path of the computer belonging to

10

defendant." The record is clear, however, that no physical or electronic report exists. At the motion for a new trial, the prosecutor informed the court that he did not give defendant any logs or notes because, contrary to the statement in the stipulation, Lorenzi did not create a forensic report. Thus, defendant cannot demonstrate that counsel's failure to file a motion to suppress the stipulation was deficient or that, had he filed such motion, the trial court would have barred Lorenzi's stipulated testimony based on a discovery violation.

¶ 39                        B. Supreme Court Rule 402 Admonishments

¶ 40        Defendant contends that his stipulated bench trial was tantamount to a guilty plea, and the trial court erred in failing to administer the proper admonishments.

¶ 41        As discussed, defense counsel presented and preserved a defense and did not stipulate that the evidence was sufficient to convict defendant of the charged offense. Because defendant's bench trial was not tantamount to a guilty plea, the trial court was not required to admonish him under Supreme Court Rule 402. See *People v. Foote*, 389 Ill. App. 3d 888, 896 (2009) (unless a stipulated bench trial is tantamount to a guilty plea, the trial court need not admonish a defendant pursuant to Rule 402)

¶ 42                                III. CONCLUSION

¶ 43        The judgment of the circuit court of Will County is affirmed.

¶ 44        Affirmed.